Blade et al. vs. Chicago, St. Paul and Fond du Lac Railroad Co.

## BLADE et al. *vs.* CHICAGO, ST. PAUL, & FOND DU LAC RAILROAD CO.

APPEAL FROM CIRCUIT COURT, ROCK COUNTY.

Heard October 14, 1859.]                    Decided December 14, 1859.]

### *Common Carriers—Evidence.*

Where a railroad company, as common carriers, have received goods, and given a receipt for them, which states that they were received in "apparent good order," it is competent for the company to show, by parol testimony, that the goods most probably had been injured before they came into the possession of the company.

This is an action brought by the plaintiffs, Aaron Blade and Charles C. Shoyer, against the defendants, The Chicago, St. Paul, and Fond du Lac Railroad Company, as common carriers, in the circuit court for Rock county, to recover damages for injuries done to six bales of domestic goods, delivered to the defendants at Chicago, and by the defendants for good and legal consideration to be freighted over the road of the defendants, and to be delivered to the plaintiffs, at Janesville, Wisconsin.

The facts of the evidence given in the case are, sufficiently stated in the opinion of the court. The case was tried by the circuit judge, and judgment given for the defendant; from which the plaintiffs appealed to this court.

*G. W. Cumming*, for the appellants, made the following among other points:

1. Common carriers are liable for all losses or injuries, except such as are ocasioned by the act of God, or public enemies.

In all cases when the common carrier cannot make out a defense upon some one of the grounds which form an exception to his liability, he must pay the loss, although there has been no negligence whatever upon his part.

The *onus probandi* is on the common carrier to exempt himself from liability, for the law imposes the obligation of safety upon him. Story on Bailments, § 529.

2. No defense recognized by the law was shown by the defendants.

All the proof given by the defendants, was inadmissible under the pleadings, and constituted no defense. *McArthur vs Sears*, 21 Wen. Rep. 190, and cases there cited; Story on Bailments, § 492, 507, 528.

3. The judge erred in receiving the defendant's proof when objected to by the plaintiffs, and the exceptions thereto were well taken.

*David Noggle,* for the respondent, among other things, made the following point:

The receipt is but *prima facie* evidence. If the goods were damaged in other hands, but came to the defendants in apparent good order, the owner must seek his redress, either against the party in whose hands they were injured, or under his original contract of shipment. *Bissell vs. Price,* 16, Ill. 408.

*By the Court,* COLE, J. The only question which we have to consider in this case is whether the receipt given by the company, when the goods mentioned in the pleadings were received from the prior carrier, is conclusive upon them as to the condition of the goods at that time; or whether, notwithstanding the receipt stated that the goods were received in "apparent good order," it was competent for the company to show, by parol testimony, that the goods must have been injured before they came into the possession of the respondent.

The goods in question consisted of several bales of domestics, and were, externally, in good order and condition when received by the respondent, but upon opening them, on delivery to the appellants, they proved to be seriously injured by wet and mould. On the trial the company produced the the witness, James McGrath, who testified in substance that he was the check clerk at Chicago for the Chicago, St. Paul, and Fond du Lac Railroad Company; that it was his duty

to receive goods and load them upon the cars of the company; that on the 13th of October, 1856, he received from the Michigan Central Railroad Company, six bales and a box directed to the appellants; that the goods appeared to be in good order, were safely loaded in a dry tight car, that afternoon, and forwarded the next day to Janesville; that he gave the receipt for the goods to the Michigan Central Railroad, in which he acknowledged that the goods were in apparent good order; but that the bales were unbroken, and were not opened by him to ascertain the true condition of the goods. So much of this testimony as tended to show that the goods were not in good condition when received by the Chicago, St. Paul, and Fond du Lac Railroad Company, but must have been damaged before they came into their possession, was objected to, on the ground that such evidence contradicted the receipt in that particular, and, therefore, was inadmissible.

Other testimony was likewise introduced by the respondent for the purpose of showing that the goods were promptly delivered by this company to the appellants, and in as good condition as they were received, and that the care exercised by the employees of the company in transporting the goods from Chicago to Janesville, and the state of the weather at the time, clearly established the fact that the goods must have been damaged while in the possession of some prior carrier or warehouseman; and this evidence was objected to for a like reason, as above stated.

The circuit court, however, admitted this testimony, holding that the receipt given by the company was not conclusive as to the actual condition of the goods when received. And in the correctness of this ruling we fully concur. We suppose the receipt given by the company was open to explanation as far as the actual condition of the goods were concerned. Such receipt was, undoubtedly, *prima facie* evi-

dence that the goods were in a good condition when received by the respondent, and devolved upon the company the burden of showing that they were different; and that the respondent had been imposed upon when the receipt was given. In the present case the goods were externally in a good condition, and the injury was one which could only be discovered on breaking the packages and examining them. Now it is perfectly evident that it would be impossible for railroad companies, and other common carriers, to open and examine every box and bale of goods which comes into their possession to be forwarded, and unless they do so, there would be no safety in the giving of any receipt in respect to the condition of such goods, if the acknowledgment of the receipt is held conclusive and binding upon the carrier.

It seems to us that the better rule upon this subject is that the receipt may be explained, or even contradicted by parol testimony, where the carrier has been imposed upon as to the real condition of the goods, as it is manifest was the case in the present instance; and so the following authorities decide, *Bissel et al. vs. Heman Price*, 16 Ill. R., 408; *Worden vs. Greer*, 6 Watts, 424; Angell on the Law of Common Carriers, § 231.

Some question is made as to whether the original receipt given by McGrath to the Michigan Central Company, should have been received in evidence, after the stipulation as to the admission in evidence of the duplicate or copy, but we think the only effect of that stipulation was to relieve the appellants from the necessity of producing the original receipt, or of proving its contents, in case the agent of the company refused to produce it on notice, and did not preclude the company from offering the original in evidence, if they saw fit to do so.

It is believed that these observations dispose of all the questions necessary to be noticed in the case.

The judgment of the circuit court is affirmed with costs.