State of Minnesota *ex rel.* Alpha Lasher *vs.* Municipal Court of the City of St. Paul and Robert Patterson.

September 1, 1879.

Prohibition.—In an action proceeding in the ordinary way, the cause of action being within the jurisdiction of the court, if, in the course of the action, any matter arises or is presented to the court requiring it to decide upon its jurisdiction, an error in such decision must be corrected upon appeal, writ of error, or *certiorari*, if such mode of review is open to the party.   In such case, the writ of prohibition is not the proper remedy.

Prohibition.

*Allis & Allis,* for relator.

*Bigelow, Flandrau & Clark,* for respondents.

GILFILLAN, C. J.  The respondent Patterson commenced against the relator, in the municipal court of St. Paul, an action under Gen. St. *c.* 84, to obtain restitution of real property alleged to have been leased by respondent to the relator, on the ground that the relator, as alleged, has failed to pay the rent pursuant to the lease.  On the return-day of the summons, the relator appeared, and filed an answer setting forth what he claims to be an equitable defence, which includes a denial of respondent's title.  He thereupon insisted that the court should cease all further proceedings in the action, and certify it to the district court, pursuant to Sp. Laws 1875, *c.* 2, § 3, (Gen. St. 1878, *c.* 64, § 82,) establishing the municipal court, which provides that "where any equitable defence, or ground for equitable relief, of a nature not cognizable before a justice of the peace, is interposed, or where it appears that the title to real estate is involved, the said court shall immediately cause an entry of the fact to be made of record, and cease all further proceedings in the cause, and certify and return to the court of common pleas of said county" (now to the district court) "a transcript of all entries," etc.  Notwithstanding this, the municipal court proceeded to try the cause, and ordered judgment of restitution.  The relator obtained a writ of prohibition to restrain further proceedings, and the respondents, on the return day, make a motion to quash the writ; one of the grounds of the motion being that, there being a full remedy by appeal, the writ will not lie.

In *State* v. *Wilcox,* 24 Minn. 143, this point was raised. That, however, was a case where the court to which the writ ran was attempting to exercise unauthorized jurisdiction in an extraordinary proceeding, and the court held that in such cases the writ would issue, although there might be, for the party aggrieved, a remedy by appeal or other mode of re-

view. But speaking of the rule contended for, that the writ of prohibition is not a proper remedy where there is an adequate remedy by appeal or writ of error, the court said, (p. 147,) "It is undoubtedly correct as applied to a case where, in the course of an ordinary action, the court attempts to decide upon matters not within its jurisdiction; for all errors of that description are best corrected by the usual remedy of an appeal, writ of error, or *certiorari*."

Upon full consideration, we are still satisfied that in an action proceeding in the ordinary way, by summons, pleadings, trial, judgment, etc., where the cause of action is within the jurisdiction of the court, and in the course of the action any matter arises or is presented to the court which requires it to decide upon its jurisdiction, an error in such decision ought to be corrected upon review; and that where, in such case, an adequate mode of review is open to the party, the writ of prohibition ought not to issue. Due protection to the party in such cases does not require that this court shall interrupt and suspend the action of the court below until the question of jurisdiction thus raised and decided may be passed on here. It is much better for the orderly administration of justice that such a case shall first go through the usual course of trial and decision in the court below, and that any errors committed by it, whether touching its jurisdiction or not, shall be brought here for review and correction in the ordinary way. The writ is not a writ of right, but is in the sound judicial discretion of the court issuing it. In general it is a good reason for denying it, that the party has a complete remedy in some other and more ordinary form. *Ex parte Braudlacht*, 2 Hill, 367. In this case, the municipal court had jurisdiction of the cause set forth in the complaint. When the answer was filed, it was necessary for that court to determine whether an equitable defence was thereby interposed, or it thereby appeared that the title to real estate was involved, so as to oust the jurisdiction. If it erred in decid-

ing the matters so presented, the defendant has a complete remedy by appeal. It is not, therefore, a proper case for a writ of prohibition.

Writ quashed.