STATE OF MINNESOTA *ex rel*. Charles J. Berryhill *vs*. H. W. CORY.

May 10, 1886.

**Prohibition—Remedy by Appeal.**—When the aggrieved party has ample remedy by an appeal from the order or judgment of the inferior court, a writ of prohibition ought not to issue.

An action of unlawful detainer was brought by relator, under the provisions of Gen. St. 1878, *c*. 84, against George J. Exley, and others, in the municipal court of St. Paul. The defendants answered, denying plaintiff's title, and alleging various other defences. After the case was called for trial, and when the evidence was partially in, the plaintiff, objecting to the jurisdiction of the court to proceed, obtained a continuance for a few days, and, pending this continuance, applied to this court for a writ of prohibition to restrain the respondent, who is the judge of the municipal court, from proceeding further in the trial of the action.

*Berryhill & Davison*, for relator.

*Warner, Stevens & Lawrence*, for respondent.

MITCHELL, J. This is not a proper case for a writ of prohibition. The action pending in the municipal court (forcible entry and detainer) is one proceeding, in the ordinary way, by summons, pleadings, trial, etc. The cause of action set forth in the complaint is within the jurisdiction of the court. The only question is whether that court has jurisdiction to try and determine the issues presented by the allegations of fraud and usury set up in the answer. If it errs in passing upon the extent of its jurisdiction in that regard, an adequate mode of review by appeal is open to the relator, and therefore a writ of prohibition ought not to issue. High, Extr. Rem. § 770; *State* v. *Municipal Court of St. Paul*, 26 Minn. 162, (2 N. W.

Rep. 166;)', *State* v. *District Court for Ramsey Co.*, 26 Minn. 233, (2 N. W. Rep. 698.)

Writ quashed. ———— ✓