## STATE EX REL. BANK OF CHADRON

### v.

## THE DISTRICT COURT OF WESTON COUNTY.

WRIT OF PROHIBITION.

1.  The writ of prohibition is that process by which a superior court prevents an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been vested by law.

2.  It only issues when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal.

3.  It is not granted to undo that which is already done.

4.  It only lies when the court either has no jurisdiction of the subject matter, or having that, exceeds it in some incidental matter, or in rendering judgment, and no appeal or writ of error or other remedy is at all available, or if so, is not adequate to afford the redress to which the injured party is entitled.

5.  A mistaken exercise, by an inferior court, of its jurisdiction will not justify a resort to the extraordinary remedy by prohibition.

6.  An error or mistake in practice affords no foundation for the writ, unless it involves the doing of something which is contrary to the laws of the land.

7.  It is not a writ of right, but is in the sound discretion of the court issuing it.

8.  An inferior court having jurisdiction of the subject matter of a proceeding to vacate or modify its judgment after the term; the filing of a petition therefor in the original instead of in a new action, even if improper, is not sufficient cause for a writ of prohibition. Any defect in such practice is not jurisdictional error.

9.  A claim that the grounds alleged for the vacation of the judgment have been adjudicated in another court, is matter of defense, and furnishes no basis for the writ.

10. Neither will the writ issue because the method of obtaining service upon the judgment creditor is unauthorized.

[Decided March 19, 1895.]

ORIGINAL APPLICATION or suggestion for the writ of prohibition to prevent action by the District Court of Weston County, and William S. Metz, the judge thereof, in a proceeding brought in that court to vacate a judgment after the term. The facts are stated in the opinion.

*Allen G. Fisher*, for petitioner, cited in support of the application, Louchiene v. Strouss, 49 Wis., 623; Braden v. Rutenberger, 18 W. Va.; Stump v. Long, 84 N. C., 616; Trier v. Herman, 44 Hun.; Altman v. Gabrial, 28 Minn., 132; McCulloch v. Doak, 68 N. C., 267; Maxwell Pl. & Pr., 730; 1 Yaples Code Pr., 611; R. R. Co. v. Doubson, 17 Neb., 450; Armstrong v. Taylor Co. Court, 15 W. Va., 190; 19 Am. & Eng. Ency. L., 275.

*E. E. Lonabaugh* and *Baird & Churchill*, for respondent, contended that the district court had jurisdiction of the proceeding; that the prohibition proceedings were prematurely instituted; that any order the district court might make in the premises would be appealable; and that such court had not acted upon the question of jurisdiction submitted to it, but such question was still pending, and cited, Myers v. Myers, 6 O. St., 222; Hintrager v. Sumbardo, 54 Ia., 604; State v. McDowell, 10 So., 174; Leonards v. Bartels, 4 Colo., 95; Broder v. Sup. Ct., 103 Cal., 121; Monson v. Dist. Ct., 147 U. S., 14; Goldsmith v. Owen, 26 S. W., 8; Mines, &c., v. Supr. Ct., 91 Cal., 101; Dobson v. Westheimer, Wyo. (36 Pac. 626), see 4 Wyo.; State v. Hall, 10 So., 196; 2 Spelling on Ex. R., secs. 1772 and 1729 and cases cited; People v. Dist. Ct., 11 Colo., 574; State v. Judge, 11 La. Ann., 696; State v. St. Paul Mun. Ct., 26 Minn., 182; Harris v. Brooker, 8 Wash., 138; State v. Henry, 6 So., 837; State v. Judges, 37 La. Ann., 845; Ex-parte McMechen, 12 Ark., 70; State v. Laughlin, 9 Mo. App., 486; Barnes v. Gottschalk, 3 Mo. App., 111; R. R. Co. v. Supr. Ct., 59 Cal., 471; State v. Judge, etc., 29 La. Ann., 806; 2 id., 236; Hanger v. Keating, 26 Ark., 51; Turner v. City, 78 Ga., 683; Chester v. Cobby, 52 Cal., 516; R. R. Co. v. Com'rs., 127 Mass., 50; Havemeyer v. Supr. Ct., 84 Cal., 327.

Potter, Justice.

The relator, the Bank of Chadron, a corporation organized and existing under the laws of the State of Nebraska, brought its action in the district court of Weston county against one Martin C. Anderson, upon judgment obtained against said Anderson in the county court of Dawes county, Nebraska, and at the April, 1894, term of the district court of Weston county a personal judgment was rendered against said Anderson, and at the same time an order was entered requiring one John Gunther, a garnishee, to pay the amount of his indebtedness to said Anderson, not exceeding the amount of such judgment, into court, to be held by the clerk thereof until the further order of the court. After the term at which the judgment was rendered, and within one year and before the second term of said court after the rendition of said judgment, the said Anderson filed his petition in said court for the vacation of said judgment. The petition was filed in the action in which the judgment was rendered, using the title of the original action, in which petition it was prayed, among other things, that the said Bank of Chadron be made defendant to said petition and be summoned therein. Upon the presentation of this petition to the district judge, an order was made by him requiring that notice of the filing of said petition be given to the plaintiff (Bank of Chadron) by delivering a certified copy of such order to the attorney of record of said plaintiff, and that the plaintiff be required to plead to said petition on or before the 15th day of February, A. D. 1895. An affidavit was thereafter filed in said district court as a foundation for service upon the Bank of Chadron by publication; the affidavit for service by publication being verified on the 25th day of January, A. D. 1895, and a notice for the purpose of obtaining service by publication was published in a newspaper in said Weston county, the first publication being made on the 8th day of February, A. D. 1895. At the time that the petition to vacate the judgment was presented to the district judge, he made a further order requiring and directing the clerk of said court to hold any and all moneys that may come into his hands or be paid into his court on said judgment, either by John Gunther or any other

person, until the further order of said court or the judge thereof.

On the first day of February the relator filed in this court his suggestion or petition for writ of prohibition, setting forth substantially the foregoing facts, excepting the proceedings taken for the purpose of obtaining service by publication, which proceedings were unknown to the relator at the time of the filing of his petition herein.

The petition of the relator further alleged that immediately upon being informed of the entry of the said orders by the judge of said court, he made application in writing to the judge of said court, suggesting unto him the lack of jurisdiction to make such orders in the premises, and directing his attention to the fact that he and his court were wholly without jurisdiction, unless the petition be filed in form as in other actions, and summons be directed to issue therein, which said suggestion of the lack of jurisdiction was considered by the said judge in chambers and was denied and overruled.

The answer filed herein denies the overruling of the motion or suggestion attacking the jurisdiction of the court, and alleges that hearing and ruling thereon had been postponed until the next term of the said court.

The reply, in this respect, attempts to raise an issue of fact, and sets forth a letter written by the judge of the district court to the attorney for the relator, referring to the petition to vacate the judgment, and inferentially to the motion or suggestion by the relator, in which letter the following language was used by the judge:

"Your application to vacate that order is accordingly overruled. If the matter is in shape it will come up in March term at Newcastle."

The "order" referred to is evidently that directing the clerk to hold all moneys until the further order of the court, and it is the application to vacate that order which is overruled. The answer disclaims any jurisdiction by reason of service of notice upon the attorney of record and any intention to act under that service or the order directing the same.

We would be inclined to confine a consideration of the ques-

tion of fact thus raised to the disclosures of the record rather than extrinsic matters not shown thereby, but so far as we are advised by all the facts before us, including the letter from the judge, it appears that any motion or suggestion of lack of jurisdiction which may be pending in the lower court remains therein undetermined. Many courts hold such a determination a prerequisite to the allowance of the writ: indeed, this may be said to be the general rule; and were there no other reason, this would be a sufficient one in this case for the denial of the writ as prayed for.

The application for the writ of prohibition is presented and based upon the theory that the proceedings for the vacation of the judgment are not in conformity with the statutory requirements, and that for such reason the district court is without jurisdiction to act therein. Such proceedings are governed by sections 2701 and 2705 of the Revised Statutes of Wyoming. By the provisions of section 2701 the district court is authorized to vacate or modify its own judgment or order after the term at which the same was made, for various reasons or causes specifically referred to therein. Among the causes so mentioned is "fraud practiced by the successful party in obtaining a judgment or order." The ground for vacating the judgment appears to be fraud of the successful party and his attorneys in procuring the same.

Section 2705 is as follows: "The proceedings to vacate the judgment or order on the grounds specified in subdivisions four, five, six, seven, eight, nine and ten of section twenty-seven hundred and one, shall be by petition, verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and if the party applying was defendant, the defense to the action, and on such petition a summons shall issue and be served as in the commencement of an action."

It seems to be conceded that the ground alleged for the vacation of the present judgment is included in one or more of the subdivisions of section 2701, mentioned in section 2705, above quoted.

It is contended on behalf of the relator that the proceedings

for the vacation of the present judgment upon the grounds laid in the petition as filed, must be by a petition separately filed as an independent action, upon which summons must issue, rather than by petition therefor filed in the original action, and that the failure to prosecute the vacation proceedings in such manner does not invest the court with any jurisdiction to take any action therein.

The reply of the relator also complains of the insufficiency of the affidavit and notice for the purpose of obtaining constructive service upon the Bank of Chadron.

Although we are of opinion that the better practice, under section 2705, is the filing of a petition as a separate proceeding, yet we are not prepared at this time to say that such petition cannot be filed in the original action, and we expressly refrain from deciding that question, as this application must be disposed of upon other grounds; which to our mind are entirely conclusive.

The writ of prohibition is that process by which a superior court prevents an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been vested by law. It is an extraordinary writ, because it only issues when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal. High Ex. Leg. Rem., 762; Spelling on Ex. Relief, Sec. 1716.

It is only granted to prevent action, and not to undo that which has already been done. In general, it only lies when the court either has no jurisdiction of the subject matter, or, having that, exceeds it in some incidental matter or in rendering judgment, and no appeal or writ of error or other remedy is at all available, or, if so, is not adequate to afford the redress to which the injured party is entitled. Spelling on Ex. Relief, Sec. 1725; High Ex. Leg. Rem., 767-772; Ex Parte Greene, 29 Ala., 52; Ex Parte Peterson, 33 Ala., 74; Leonard v. Bartels, 4 Colo., 95; State ex rel. Lasher v. Municipal Court, 26 Minn., 162.

The doctrine is laid down that if the inferior court has jurisdiction of the subject matter in controversy, a mistaken

exercise of that jurisdiction or of its acknowledged powers will not justify a resort to the extraordinary remedy by prohibition. High, Sec. 767; Ex parte Greene, 29 Ala., 52; Leonard v. Bartels, 4 Colo., 95; State ex rel. Lasher, 26 Minn., 162. And that an error or mistake in practice affords no foundation for the writ, unless, indeed, it involves the doing of something which is contrary to the laws of the land. People v. Mayor, 58 How. Prac., 205. We are not prepared to say, and it is not necessary to go that far, that where there is jurisdiction of the subject matter no case could arise where jurisdiction of the person was not legally obtained which would justify this remedy, but it would require a very flagrant departure from established methods, with no other available or adequate legal means of redress to require the interference in such case by prohibition.

In the first place, the inquiry arises, will there be any other available or adequate remedy at law open to the relator if his objections to the proceedings complained of are well founded? This must be answered in the affirmative. That such other remedy is not so speedy, matters not. It is certainly more orderly, and more consistent with the underlying principles governing the administration of justice through the medium of our courts. If the contention of counsel for relator is correct in that the court is not proceeding regularly under the statute in the particulars complained of, any erroneous action or decision of the court in those matters can be reviewed here on error. Rev. Stat. 1887, Sec. 3126; Hebrick v. Wilson, 12 O. S., 136; 6 O. S., 221. This remedy being available and adequate, we perceive no injustice in confining the relator thereto.

The writ of prohibition is not a writ of right, but is in the sound discretion of the court issuing it; and in general it is a good reason for denying the writ that the complaining party has a complete remedy in some other or more ordinary form.

As was said by the court in State ex rel. Lasher v. Municipal Court, supra: "When the cause of action is within the jurisdiction of the court, and in the course of the action any matter arises or is presented to the court which requires it to decide upon its jurisdiction, an error in such decision ought to be

corrected upon review; and that where in such case an adequate mode of review was open to such party, the writ of prohibition ought not to issue." And, again: "It is much better for the orderly administration of justice that such case should first come through the ordinary mode of trial and decision in the court below, and that any errors committed by it, whether touching its jurisdiction or not, shall be brought here for review and correction in the ordinary way."

Beyond that, however, it is entirely clear, that the district court has jurisdiction of the subject matter of the proceeding complained of. It is expressly granted authority by statute to vacate or modify its judgment after the term at which it is rendered, in a proper proceeding to be brought for that purpose; and the filing of the petition in the original action instead of commencing a separate and independent proceeding thereby, and denominating the petitioner as plaintiff and his adversary the defendant, even should the latter be the method authorized or required by the statute, is not a sufficient cause for a writ from this court in the first instance, preventing the district court from taking any cognizance of or action in the matter. This is a question of practice, and the trial court, when the question arises, must determine whether the proceedings are proper and sufficient to authorize a hearing upon the matters alleged for vacating the judgment, such decision being subject to review on error in this court, but any defect in such practice does not constitute such jurisdictional error as authorizes the writ of prohibition. It is urged that the affidavit and notice for constructive service are insufficient in form and substance. This objection, if submitted to the trial court, must be passed upon by it the same as any other question arising in the progress of the case, and if erroneously decided, its ruling can be reviewed on error. Counsel for relator also contends that the fraud alleged in the petition for vacation of the judgment is not such as would justify any interference with the judgment, as the same has been already litigated in an action in a Nebraska court, and is res adjudicata.

This is clearly a mere matter of defense and furnishes no

basis for an application for prohibition. We cannot consider the merits of the proceeding for vacation of the judgment. It is further insisted, and rather strenuously so, that service by publication cannot be had upon the Bank of Chadron in the kind of proceeding which is being prosecuted in the lower court. It has been decided in Ohio, from which State our code is taken, that service in such a proceeding may be had by publication. 3 W. L. M., 195. This, however, is also a matter to be passed upon by the court in which the proceedings are pending, and action thereon should not be prevented by prohibition. What has already been said applies with equal force to this matter of objection, even if the point as to service is well taken.

In the case of Mines. D'Or de Quartz Mountain Societe Anonyme et al. v. Superior Court, 91 Cal., 101, the Supreme Court of California, in considering an application for writ of prohibition, which was made upon the ground that the action in the lower court was in personam, and not one in which summons by publication is authorized, but in which the court had made an order directing service by publication upon the defendants, who were non-residents of the State of California, say: "We do not deem it necessary or proper to determine at this time whether an action now pending against petitioners in the superior court is one in which the summons can be legally served by publication. That court has jurisdiction of the subject matter of the action, and whether it has jurisdiction over the persons of petitioners is a question which it must determine for itself before entering judgment in the action, and which it has the same authority to pass upon as any other question of law or fact which may arise during its progress, and if in the decision error shall be committed to the prejudice of petitioners, the law offers them a plain and adequate remedy by an appeal from any judgment which may be entered against them."

The court having jurisdiction to vacate the judgment in a proper proceeding brought for that purpose, the action of the court in proceeding to hear the questions arising upon the petition filed would be at most a mere erroneous exercise of a

jurisdiction with which the court is invested, and not the assumption of a jurisdiction to which the court has no legal claim.

For the reasons stated, we are of the opinion that the writ of prohibition in a case of this kind ought not to be granted by this court. If any other rule should be adopted, this court would be inviting the presentation to it in advance of final judgment in the lower courts of all cases in which objection should be made to the method of obtaining jurisdiction over the persons of parties litigant to the sufficiency of affidavits for constructive service or to the summons, which, to our mind, would at least generally be entirely improper. Such matters should rather be determined by the lower court in ordinary course, and if error has been committed, such error should be reviewed by this court, if at all, upon proceedings in error.

*The writ of prohibition is denied.*

GROESBECK, C. J., and CONAWAY, J., concur.