# STATE ex rel. ARTHUR W. SELOVER v. PROBATE COURT OF AITKIN COUNTY and Others.[1]

### July 2, 1915.

### Nos. 19,398—(254).

**Probate court — priority of jurisdiction.**

> Where the probate court of the county of a resident decedent's domicile has first acquired jurisdiction over the estate, the probate court of the county wherein was the temporary abode at the time of death is not thereafter entitled to take jurisdiction of the same estate.

Upon the relation of Arthur W. Selover as special administrator of the estate of Matilda Carlson, deceased, this court granted its alternative writ of prohibition directed to the probate court for Aitkin county, Hon. Frank Hense, as judge of probate for that county, and William T. Mount, requiring them to refrain from the exercise of any jurisdiction over the estate of said decedent and show cause why the writ should not be made absolute. Writ quashed.

*Selover, Schultz & Selover,* for relator.

*E. H. Krelwitz* and *Westphal & Ochu,* for respondents.

HOLT, J.

Matilda Carlson died intestate in Minneapolis in February, 1915. Upon the petition of her son the probate court of Aitkin county first assumed jurisdiction, appointed an administrator, and is proceeding to administer the estate; thereafter, upon the petition of the same

[1] Reported in 153 N. W. 520.

son, the probate court of Hennepin county appointed relator special administrator of the same estate. A temporary writ of prohibition issued from this court against the probate court of Aitkin county, together with an order to show cause why a writ absolute should not issue against said court.

These appear to be the facts: In 1904 John Carlson and his wife, said Matilda, deceased, became residents of Aitkin in Aitkin county, Minnesota, and acquired a homestead therein. There John Carlson died in 1910, and his wife immediately took proceedings in the probate court of said county to administer his estate. Therein the homestead was set apart to her, and she continued to reside thereon with her three minor children until the latter part of November, 1914, when she moved to Minneapolis and rented apartments. She retained her homestead in Aitkin. The personal property which Matilda Carlson brought to Minneapolis has been returned to Aitkin. There all of her husband's estate is found, also the family burial lot wherein he and a child are buried. The son mentioned brought the body of Matilda Carlson to the same resting place. From affidavits filed we conclude Mrs. Carlson's move to Minneapolis was but an experiment or temporary expedient, and that she still considered Aitkin her home.

Section 7204, G. S. 1913, provides: "Jurisdiction acquired by a probate court shall preclude the subsequent exercise of jurisdiction by any other probate court over the same matter, except as otherwise specially provided by law." Section 7205 reads: "Wills shall be proved and administration upon the estates of decedents shall be granted: (1) If the decedent, at the time of his death, was a resident of this state, in the county of such residence."

The jurisdiction over the estate of a deceased inhabitant is by the Constitution vested in the probate courts generally. Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792; Boltz v. Schutz, 61 Minn. 444, 64 N. W. 48. But to prevent a conflict between the several probate courts section 7205, above set out, was enacted. The jurisdiction of the probate court of Aitkin county having first attached, that court under said section 7204 ought to proceed, unless its action in assuming the administration of the estate was a clear violation

of said section 7205. Speaking of the dwelling as the place of residence, a person may have a residence in more than one county at the same time, a city home in one county and a country home in another, occupying the one at short intervals and for temporary purposes, but considering the other the real and permanent home, the legal residence. He may also have his only home or residence in one county, and for convenience rent a dwelling in another county for a temporary abode. In such a case, should death occur, there ought to be little doubt of the propriety of selecting the probate court of the county wherein was his domicile, his true legal residence, where he had exercised the rights and duties of citizenship. An accurate legal distinction between residence and domicile is not always observed by legislatures. It may not be of importance in all statutes. "As employed in statutory enactments, its meaning, as interpreted by the courts, varies as the legislative intent appears, and in harmony with the subject matter, object and purpose of the statute." Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883, 12 L.R.A.(N.S.) 1100. See definition of residence under election statutes. G. S. 1913, § 416. Residence and domicile when applied to the abiding place of most persons refers to one and the same thing. But, if a resident decedent's residence and domicile be not one and the same place of abode, the preference in the administration of the estate should be given to the probate court of the county wherein was the domicile. The authority cited by relator so holds. Schouler, Wills and Administration, p. 337. "Jurisdiction over the probate of wills, as over the settlement generally of estates of those dying testate or intestate, is determined primarily by the last domicile of the person deceased." See also pp. 319, 320. We think the residence referred to in said section 7205, as between different counties in the state, is the true home, the place which at decedent's death was the legal residence and not the temporary abiding place occupied without an intention to change or abandon the fixed domicile.

We attach no significance to the recital in the petition for the appointment of the administrator in Aitkin county that Matilda Carlson died a resident of Hennepin county. That court had power to determine whether it should assume jurisdiction. Neither do we

consider whether a person who has invoked the jurisdiction of the probate court of one county successfully may thereafter call upon the probate court of another county to administer the same estate. Upon the facts the probate court of Aitkin county is the proper court to administrate this estate, and should retain exclusive jurisdiction.

The temporary writ of prohibition issued herein is vacated, and the order to show cause is discharged.