OTTO H. HORN v. NE-GON-AH-E-QUAINCE, OR MRS. C. C. CLARK AND OTHERS.[1]

March 2, 1923.

No. 22,977.

**Indian land—Burke Act of 1902—conveyance by allottee.**

1. The Burke Act of May 27, 1902, is general in its operation and applies to allotted Indian lands on the White Earth Indian Reservation. The portion of the act which gave to an allottee or his heirs the right to convey upon approval of the secretary of the interior, impaired no vested rights of the Chippewa Indians.

**Conveyance by heir of allottee.**

2. Where a deed to an allotment is given by one purporting to be the heir of an allottee, and it is approved by the secretary of the interior, the effect of the deed and its approval is to convey a prima facie title, good until some one else shows a better title.

**After approval of such deed state courts have jurisdiction.**

3. The execution and approval of such a deed terminates the jurisdiction of the Federal government over the land, and it is, from that time on, under the jurisdiction of the state courts, and the proper probate court of the state may probate the estate of the allottee to determine heirship.

**Jurisdiction of probate court.**

4. A recital in a petition for administration in Norman county, that the deceased was a resident of Becker county, is not fatal to the jurisdiction of the probate court. That court had power to determine whether the facts essential to jurisdiction in fact existed.

[1]Reported in 192 N. W. 363.

The petition of Otto H. Horn to vacate a decree of the probate court for Mahnomen county determining the descent of the real estate belonging to Gustave Chapin at the time of his death was granted, Reck, J. From the order vacating the decree Ne-gon-ah-e-quaince and others appealed to the district court for that county where the appeal was heard by Grindeland, J., who affirmed the order of the probate court. From an order denying their motion for amended findings and conclusions or for a new trial, appellants appealed. Affirmed.

*Frank D. Beaulieu* and *P. F. Schroeder*, for appellants.

*Johnston & Carman*, for respondent.

HALLAM, J.

On February 7, 1921, the probate court of Mahnomen county, on the petition of appellant Clark entered a decree determining descent of land of Gustave Chapin, pursuant to the provisions of G. S. 1913, §§ 7245-7248, and adjudging that appellant Clark was the wife of Chapin and that she and her son were his sole heirs. On September 24, 1921, upon the petition of the respondent Horn, the court made an order vacating the decree upon the ground that it was without jurisdiction, because of a prior decree entered in the probate court of Norman county of February 16, 1907. On appeal to the district court this order was affirmed. This appeal is from the judgment of affirmance of the district court.

The case involves the title to certain land in the White Earth Indian Reservation. On January 14, 1889, this land was allotted to Gustave Chapin, an adult mixed-blood Chippewa Indian, pursuant to the allotment act of February 8, 1887. Chapin died in 1894. On July 21, 1902, a trust patent was issued.

On January 15, 1904, Ke-ne-waince, mother of Chapin, executed to one Gardner a deed. This deed was approved by the acting secretary of the interior on July 15, 1904. On July 28, 1905, a petition for the appointment of an administrator for Chapin was filed in the probate court of Norman county, verified by Ke-ne-waince, and on February 16, 1907, a decree was entered, adjudging that Ke-ne-waince was the sole heir of Chapin and took title to his property.

Respondent Horn claims through Ke-ne-waince under the decere of February 16, 1907. The appellants claim under the Mahnomen county decree.

Horn's claim of title is based on the deed from Ke-ne-waince, the approval of the secretary of the interior, and the probate proceedings in Norman county. The effect of the deed from Ke-ne-waince and the approval of the secretary, apart from the probate proceedings, was not much argued by counsel. Respondent Horn's principal argument is to the proposition that, when the deed from Ke-ne-waince to Gardner was approved by the secretary of the interior, the jurisdiction of the United States over the land ceased, and it became subject to state control, and therefore subject to the determination of heirship by the proper state court having jurisdiction of such matters. The questions involved are Federal questions and there is no controlling Federal authority.

1. Respondent Horn relies on the so-called Burke Act of May 27, 1902. 32 St. 275. Section 7 of that act, here material, reads as follows:

"Sec. 7. That the adult heirs of any deceased Indian to whom a trust or other patent containing restrictions upon alienation has been or shall be issued for lands allotted to him may sell and convey the lands inherited from such decedent, * * * but all such conveyances shall be subject to the approval of the Secretary of the Interior, and when so approved shall convey a full title to the purchaser, the same as if a final patent without restriction upon the alienation had been issued to the allottee. All allotted land so alienated by the heirs of an Indian allottee and all land so patented to a white allottee shall thereupon be subject to taxation under the laws of the State or Territory where the same is situate."

Appellants contend that the provisions of the act of May 27, 1902, have no application to allotted lands on the White Earth Indian Reservation, but that allotments on this reservation are fixed and governed by the act of January 14, 1889; that this act, after ratification by the Indians, became a contract and also a special law relating only to the affairs of Chippewa Indians, and that the application of the act of 1902 to the Chippewa Indians, would be an im-

pairment of their vested rights without due process of law. We do not concur in these contentions. Section 7 of the act of 1902 is general, and its language broad enough to cover Chippewa Indians. It has been so construed by the interior department, and in our opinion rightly so. The grant of a privilege to convey upon approval of the secretary of the interior, does not seem to us to abridge any right of the Indian to his land.

2. South Dakota has had problems in dealing with its Indian affairs, somewhat similar to our own. The effect of the approval by the secretary of the interior of a conveyance by an alleged heir of an allottee, has been considered in a number of cases. Egan v. McDonald, 36 S. D. 92, 153 N. W. 915; Oldham v. Nelson, 38 S. D. 451, 161 N. W. 814; Daugherty v. McFarland, 40 S. D. 1, 166 N. W. 143; Highrock v. Gavin, 43 S. D. 315, 179 N. W. 12. The conclusions there reached have been that where a deed to an allotment has been given, purporting to be the deed of an heir of the allottee, and it is approved by the secretary of the interior, the effect of the deed and its approval is to convey a prima facie title, good until some one else shows a better title; that the legal title becomes vested in the grantee, and, if the grantor is not the heir he claims to be, the title of the grantee is held subject to the equitable rights of those who are in fact heirs of the allottee. The grantee becomes, in such case, the trustee of an involuntary or constructive trust in favor of the real heir as the equitable owner of the land. Highrock v. Gavin, 43 S. D. 315, 179 N. W. 12. Much the same principle was approved in Jennings v. Wood, 192 Fed. 507, 112 C. A. 657; Lomax v. Pickering, 165 Ill. 431, 46 N. E. 238.

This seems a reasonable rule and a fair construction of the law.

3. Of course if the Norman county probate proceeding is valid, it is not merely prima facie, but conclusive evidence, of heirship. There was not, as early as the date of the Norman county proceedings, any statute of the United States which expressly conferred on the probate courts of the state any general jurisdiction to probate estates of either full blood or mixed blood Indians. See United States ex rel. Davis v. Shanks, 15 Minn. 302 (369); Holmes v. Praun, 130 Minn. 487, 153 N. W. 951. Baker v. McCarthy, 145 Minn. 167, 176 N. W.

643, holds that such jurisdiction is impliedly conferred by the Clapp amendment of June 21, 1906,[1] and March 1, 1907, but those statutes could not validate an exercise of jurisdiction prior to that time. But the South Dakota decisions sustain respondent Horn's contention that the approval of the deed of Ke-ne-waince by the secretary of the interior, terminated the jurisdiction of the government over the land conveyed by that deed, and that, from that time, the land was under the jurisdiction of the state courts. Egan v. McDonald, 36 S. D. 92, 153 N. W. 915; Highrock v. Gavin, 43 S. D. 315, 179 N. W. 12. This rule seems reasonable to us and we follow it. The Norman county probate proceeding being subsequent to the approval of the deed, the court had jurisdiction and its decree was valid.

4. The petition for the probate of the estate of Chapin was made by Ke-ne-waince, his mother, who claimed to be sole heir. It alleged that Chapin was at the time of his death "a resident of the village of White Earth in the county of Becker," where he died on March 3, 1894, leaving an estate in Norman county. The order of the probate court appointing an administrator, states that Chapin was "a resident of the county of Norman," and that he left estate therein. The final decree of February 16, 1907, decreed his property to his mother Ke-ne-waince. It says nothing about his residence and of course need not. It is provided by G. S. 1913, § 7205, that administration upon the estates of decedents shall be had in the county of the decedent's residence if a resident of Minnesota, and, if not a resident, in any county wherein the decedent had property; and that the administration first legally granted shall extend to all assets within the state. The specific claim of the appellants is that on the face of the petition it appears that there is not jurisdiction so that the decree is subject to an attack though it be collateral. This question was decided adversely to the claim of appellant in State ex rel. Selover v. Probate Court, 130 Minn. 269, 153 N. W. 520, an original proceeding in this court by prohibition to restrain the probate court of Aitkin county from proceeding with an intestate proceeding upon the ground that the decedent was a resident of Hennepin county. The petition alleged that the decedent "died a resident of Hennepin county." The court said that no significance was attached to the

recital in the petition to that effect, for the court had power to determine whether the facts essential to jurisdiction in fact existed. We hold that the probate court of Norman county had jurisdiction.

Order affirmed.