# IN RE ESTATE OF BERTHA W. DAVIDSON.[1]

July 9, 1926.

Nos. 25,056, 25,120.

**When writ of prohibition should not be granted.**

1. The writ of prohibition is one of discretion and not of right. So whenever in an ordinary action or proceeding, which is within the general jurisdiction of the court where it is pending, it becomes necessary for the latter to decide upon its own jurisdiction, and that decision if wrong can be corrected by appeal, writ of error or certiorari, a writ of prohibition should not be granted.

**Scope of jurisdiction of probate court cannot be limited by statute.**

2. The jurisdiction of the probate court of Minnesota is granted by the Constitution. Its exercise may be regulated but its scope cannot be limited by statute. Query: Whether the statute, declaring that the wills of persons dying resident in a given county shall be probated in and their estates administered by the probate court of that county, should not be considered as one determining venue only rather than jurisdiction?

Constitutional Law, 12 C. J. p. 816 n. 2; p. 817 n. 3, 5.
Courts, 15 C. J. p. 858 n. 57; p. 1011 n. 85.
Prohibition, 32 Cyc. p. 600 n. 5; p. 613 n. 99; p. 614 n. 2; p. 616 n. 5.

See 22 R. C. L. p. 5; 3 R. C. L. Supp. p. 1229; 4 R. C. L. Supp. p. 1450.

Writs of prohibition directed respectively to the probate court of Goodhue county, Ericson, J., and the probate court of Ramsey county, Wheeler, J., to prohibit the probate of the will of Bertha W. Davidson. Writs discharged.

*A. J. Rockne, Daggett & Pew* and *McMeekin, Quinn & Swan,* for relators.

STONE, J.

This matter is before us upon the returns to alternative writs of prohibition to the probate courts of Goodhue and Ramsey counties.

[1]Reported in 210 N. W. 40.

The question is as to which shall probate the will of the deceased and administer her estate thereunder. Mrs. Davidson died June 16, 1925, at Red Wing. Two wills are involved, one executed in 1916; the other in 1924. August 7, 1925, two of the heirs at law, on a proper petition, procured the appointment by the probate court of Ramsey county of the Central Trust Company as special administrator. On the same day the same heirs petitioned the Ramsey county court for the admission to probate of the 1924 will. The hearing was set for September 5, 1925. In the meantime and before any steps had been taken in Ramsey county, the executor named in the 1916 will, Hon. Albert Johnson, filed with the probate court of Goodhue county a petition for its admission to probate therein. The hearing was set for and had on August 10, 1925. The special administrator appointed in Ramsey county, appearing specially at that hearing for itself and the heirs at law, filed written objections. Its position was that the probate court of Goodhue county did not have jurisdiction, for the reason that decedent was not domiciled in or a resident of that county at the time of her death and did not own property therein; also that the 1916 will had been revoked by that of 1924. When the two proceedings had reached this stage, the alternative writs were issued.

The question of fact is as to the residence of the deceased at the time of her death. Those claiming under the 1916 will assert that it was in Goodhue county and that the probate court there has jurisdiction. Those claiming under the 1924 will deny residence in Goodhue county and assert that it was in Ramsey county and that the probate court of that county has jurisdiction.

1. A writ of prohibition is not one of right but of discretion. "In general it is a good reason for denying it, that the party has a complete remedy in some other and more ordinary form." State ex rel. Lasher v. Municipal Court, 26 Minn. 162, 2 N. W. 166, followed in State ex rel. Berryhill v. Cory, 35 Minn. 178, 28 N. W. 217. In each case it was held that whenever in an ordinary action it becomes necessary for the court to decide upon its own jurisdiction, and error in deciding that question can be corrected upon

appeal, writ of error or certiorari, a writ of prohibition should not be granted. That we consider is the posture of this case. The Goodhue county court was the first to have its general jurisdiction invoked by the petition for the probate of the 1916 will. Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 Am. St. 523. Its first duty was to determine its own right to proceed. Its decision of that issue can be reviewed upon appeal. In the presence of that ordinary and adequate remedy, there should be no resort to the extraordinary writ of prohibition.

The procedure by writ of prohibition would require this court, which is not intended or organized for the trial of issues of fact, to make the initial decision upon the fact issue of residence. That would be illogical and inconsistent with the design of our judicial system. It is true that in State ex rel. Selover v. Probate Court, 130 Minn. 269, 153 N. W. 520, we examined such an issue under an alternative writ of prohibition. There however the procedure was not questioned. That case may be distinguished on other grounds. But it was there remarked that the probate court "had power to determine whether it should assume jurisdiction." In Horn v. Ne-gon-ah-e-quaince, 155 Minn. 77, 192 N. W. 363, it was expressly held that our probate courts have the power "to determine whether the facts essential to jurisdiction" exist. In view of their constitutional jurisdiction over the estates of deceased persons, the probate court whose jurisdiction is first invoked can and should, as a practical matter, decide for itself all questions going to both its statutory and constitutional right to act. Because of the simple and direct remedy by appeal, a writ of prohibition should not be granted.

2. In the writer's opinion, there is a better and broader ground for decision upon which however the court expresses no opinion. The statute, sec. 8695, G. S. 1923, provides that, in case of residents of the state, wills shall be proved and administration had in the county of residence at the time of death. That statute does not grant and cannot restrict jurisdiction. It is only a regulation of its exercise. The grant is in the Constitution. Culver v. Hardenbergh, 37 Minn. 225 (234), 33 N. W. 792. By sec. 7, art. 6, "a probate

court shall have jurisdiction over the estates of deceased persons and persons under guardianship." That jurisdiction is general. When it is invoked, it is for the court to determine whether it exists with respect to a particular estate. The "main fact" upon which it depends is "the actual death of an individual who, at the time of his death, was an inhabitant of the state. That is the jurisdictional fact, upon the existence of which is founded the duty of the state to protect and distribute the property according to law." The precise location of residence within the state is incidental and determines only the county in which administration shall proceed. Peckham, J., in Bolton v. Schriever, 135 N. Y. 65, 31 N. E. 1001, 18 L. R. A. 242. So it would seem, particularly where as here probate jurisdiction is given generally to our probate courts, that the question of the county in which it shall be exercised is reduced from a problem of jurisdiction to one of venue only. "This fact," the opinion just cited proceeds, "the surrogate to whom the matter is presented must decide, and if he decide that it exists, and upon evidence which legally tends to support his decision, * * * we think it ought to stand until reversed." In Wales v. Willard, 2 Mass. 119, 124, Chief Justice Parsons expressed the same thought thus:

"When the question before a judge of probate is only as to the manner of exercising his jurisdiction on a subject of which *some* court of probate has jurisdiction, there if he mistakes, the means of correcting such mistake is by appeal. But when the question is whether the court of probate has jurisdiction of the subject or not, he must decide it, but at his own peril. If he errs by assuming a jurisdiction which does not belong to the probate court, his acts are void."

To the same effect, as I read the case, is Fridley v. F. & M. Sav. Bank, 136 Minn. 333, 162 N. W. 454, L. R. A. 1917E, 544, where it was held that *jurisdiction* attaches when any probate court of this state "takes control" of any estate upon which its general "power" can operate. See also Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. ed. 896; Wanzer v. Howland, 10 Wis. 7; Jordan v.

C. & N. W. Ry. Co. 125 Wis. 581, 104 N. W. 803, 1 L. R. A. (N. S.) 885, 110 Am. St. 865, 4 Ann. Cas. 1113.

It seems immaterial whether we consider that the state has in effect one probate court with a branch in each county or that each county has a probate court of its own. There is about as much reason in their constitutional genesis for saying that probate courts are after all but one as there is for a similar view of the district court. That opinion of the latter prevails. Smith v. Barr, 76 Minn. 513 (517), 79 N. W. 507; Dun. Dig. § 2758. But, because of the unconditioned constitutional declaration that a probate court has jurisdiction over the estates of deceased persons, it cannot be considered that the legislature has attempted to say that no jurisdiction exists unless the deceased died a resident of the county or, if not a resident of the state, unless he left property therein. It must follow that, as ruled in Culver v. Hardenbergh, supra, all that the statute (now § 8695, G. S. 1923), can do is to regulate the exercise of jurisdiction. It determines *venue* but cannot, and obviously was not intended to, deprive any court of *jurisdiction*. Escape from that conclusion over any logical route has not been pointed out to me.

So, I submit, neither probate court now involved is attempting the exercise of a *jurisdiction* it does not possess. In consequence the case is not one for a writ of prohibition. The jurisdiction in Goodhue county was first invoked. The petition for the probate of the 1916 will had that effect. Hanson v. Nygaard, supra. The court's first duty was to assure itself of the fact of death and its general jurisdiction; its next to determine whether the deceased died a resident of that county so that it had a right to proceed under the statute. Another section (§ 8694, G. S. 1923), declares that "jurisdiction acquired by a probate court shall preclude the subsequent exercise of jurisdiction by any other probate court over the same matter, except as otherwise specially provided by law." That language assumes clearly that the constitutional jurisdiction of our probate courts is concurrent and that no one of them may have an exclusive jurisdiction. So, if the jurisdiction of one probate court has been invoked as to a particular estate, a similar proceeding should not be begun in another, or if begun it should be stayed

until the conclusion of the one first instituted. A simple appeal will protect all rights involved.

The pending writ to the probate court of Goodhue county will be discharged. It is equally clear that nothing more is needed to bring about a stay of proceedings in Ramsey county until the final determination in the Goodhue county proceeding of the question of residence. If there was no residence there that proceeding should be dismissed and the one in Ramsey county proceed. Both writs are discharged.

So ordered.