[No. 1631.]

JOHN W. WRIGHT, PLAINTIFF AND PETITIONER, *v.* THE BOARD OF COUNTY COMMISSIONERS OF WASHOE COUNTY, G. R. HOLCOMB, T. K. HYMERS, AND GEORGE H. FRASER, DEFENDANTS AND RESPONDENTS.

ELECTIONS—COUNTY COMMISSIONERS—BOARD OF CANVASSERS—POWERS—TERMINATION—CANDIDATES FOR LEGISLATURE—CONTEST—REMEDIES.

1. Comp. Laws 1900, sec. 2116, provides that the county commissioners shall act as a board of canvassers, and declare election returns, and cause a certificate of election to be given to persons elected to any legislative office within their county, provided that, when the election shall be held for legislators or county commissioners, the district judges shall canvass and declare the returns for such legislators or commissioners, and the board of county commissioners shall then canvass the returns as to other offices, and after such canvass, if it shall appear that any legislator has received a majority of ten votes or less, on the defeated candidate's application he may procure a recount, which the county commissioners shall at once make from day to day until the votes of all election precincts in which mistakes are said to have occurred have been recounted, when they shall declare the result, etc. *Held,* that the county commissioners did not become *functi officio* as a canvassing board on their determination of the canvass in the first instance, or on the delivery of the certificate of election to a legislator whose office was contested, so as to deprive it of power to recount the votes in such contest.

2.  The fact that the contestant of an election for the office of legislator had
    a remedy to contest such election before the legislature, as authorized
    by Comp. Laws 1900, secs. 1636–1640, did not preclude him from prose-
    cuting his remedy by recount before the board of county commis-
    sioners, as authorized by Comp. Laws 1900, sec. 2116.

APPLICATION by John W. Wright for a writ of mandate against the Board of County Commissioners of Washoe County and others to compel defendants to recount ballots in an election contest.  **Application granted.**

The facts sufficiently appear in the opinion.

*Thomas Wren*, for Petitioner:

I.  The boards of county commissioners have authority and it is their duty where the majority for a candidate for the legislature is ten or less, upon the face of the returns as made by the respective boards of election, upon the application of the opposing candidate, who appears to be defeated on the face of the returns, to recount the ballots and award a certificate of election to the candidate who has received a majority of votes according to the recount.  (Comp. Laws 1900, sec. 2116.)

II.  It seems to have been the intention of the legislature by the passage of this section to give an expeditious and cheap method of arriving at the correct result of an election, by the recount of the votes by the boards of commissioners, and the correction of any errors the inspectors and clerks of election may have made in the original count in their respective election districts.

III.  The certificate of election is only *prima facie* evidence of the right to an office, and is constantly disregarded by the courts, and it would seem that it was the intention of the legislature to confer upon the commissioners the power to disregard it, when the section passed without any limitation of time within which the application for a recount should be made.

*Benjamin Curler*, for Respondent:

I.  The board having met and canvassed the returns of the election on the 11th day of November, 1902, and in their discretion declared the result of the election adversely to

petitioner, and ordered a certificate of election to be issued to J. E. Souchereau, and the certificate of election was duly issued to him on the 13th day of November, 1902, and the said petitioner, John W. Wright, having not made application to the board for a recount of the votes until about twenty days after the board had so declared the result and certificate had been issued to the party having the majority of the votes, a *mandamus* will not lie, upon the application of such party, to compel the board to recount the votes and issue to him a certificate of election. (*Magee* v. *Board of Supervisors of the County of Calaveras*, 10 Cal. 376; *In re Strong*, 20 Pick. 484; *Wilson* v. *Supervisors*, 12 John. 414; *Hull* v. *Supervisors*, 19 John. 259; *Ex parte E. Nelson*, 1 Cowen, 423; *Ex parte Bacon*, 6 Cowen, 392.)

II.   *Mandamus* will not lie where there is any other specific, speedy and adequate remedy. (*People, ex rel. Smith*, v. *Olds*, 3 Cal. 167 ; *Harpending* v. *Haight*, 39 Cal. 189.)

III.   In this case the petitioner has an adequate remedy. (Comp. Laws 1900, secs. 1636–1640.)

IV.   After the board had canvassed the vote as provided by section 30 of the election laws, if no person appear and make application for a recount, as provided by section 2116, Comp. Laws 1900, the board must cause a certificate of election to be made out by the clerk of said board to each of the persons having the highest number of votes. The board of county commissioners, in canvassing the returns of an election and declaring the result, do not act in a judicial, but in a ministerial, capacity. (*Calaveras County* v. *Brockway*, 30 Cal. 325.)

V.   When the board of canvassers have once performed and fully completed their duty, they have no power afterwards to reconsider their determination and come to a different conclusion. (*Hadley* v. *Mayer*, 33 N. Y. 603; *State* v. *Warren*, 1 Hous. 43.)

VI.   If the board recount and give the certificate to another, such action is a mere nullity. (*Brown* v. *Hixon*, 45 Mo. 340; *People* v. *Robertson*, 27 Mich. 116; Opinions of Justices, 117 Mass. 599; *State* v. *Doneworth*, 21 Ohio, N. S. 216; *The People* v. *Supervisors*, 12 Barb. 217; Cooley's Constitutional Limitations, 4th ed. 785.

By the Court, FITZGERALD, J.:

This is an original proceeding in this court for a peremptory writ of mandate to the defendants and respondents above named that they proceed forthwith to recount the ballots cast in Washoe county on the 4th of November last for the office of assemblyman, so far as said ballots concern the said petitioner, Mr. John W. Wright, and Mr. J. F. Souchereau.

The facts, as they appear by the record, may be briefly stated as follows:

An election was held on the 4th of November, 1902, in Washoe county, at which the said Wright and the said Souchereau were candidates for the office of assemblyman from Washoe in the legislature that will convene at Carson on the 19th of this month. On the 11th of November last, the said defendants and respondents met as a board of commissioners and canvassed the vote of said county, declared that the said Souchereau was duly elected to hold office by a majority of three votes, and ordered the clerk of the said board to make out a certificate of election, and hand the same to him on his demand therefor. On the 13th of last November Mr. Souchereau demanded and received said certificate. On the 15th of last November Mr. Wright filed with the clerk of said board his demand and affidavit for a recount of the votes cast for himself and also those cast for Mr. Souchereau. On the 1st day of December last the said board met, took up the matter of Mr. Wright's demand for a recount, and laid it over until the 5th day of December last. On the 2d day of December last Mr. Wright filed with the clerk of said board another demand and affidavit for a recount of said votes. On the 5th day of December last the said board denied the demand or demands for a recount.

The statutory provision governing the matter is section 2116 of the Compilation of 1900, as follows:

"2116. SEC. 13. The board of county commissioners shall also act as a board of canvassers, declare election returns, and cause a certificate of election to be given by their clerks to any person who shall be elected to any legislative, county, or township office within their county; *provided*, that when the elec-

tion shall be held for legislators or county commissioners, the district judge or judges shall canvass and declare the election returns for such legislators or commissioners, for which purpose all election returns shall be sealed and delivered according to law, to the county clerk, and by him opened in the presence of the district judge or judges, who shall declare the result as to the legislators or county commissioners, and the clerk shall give to such persons elected as legislators or county commissioners a certificate of his election, and the board of county commissioners shall then canvass the returns as to other offices; and, provided further, that when said board of county commissioners shall have canvassed the vote for legislators, county and township officers, and it shall appear from such canvass that any legislator, county, or township officer voted for at such election has received a majority of ten votes, or less, in such case upon the application of the defeated candidate for such office, setting forth, under oath, that he has reason to believe and does believe that a mistake or mistakes have occurred on the part of the inspector of election in any election precinct or precincts in said county sufficient to change the result of such election so far as said office is concerned, it shall then be the duty of said board of county commissioners to immediately proceed to recount the ballots for said office of any or all the precincts in said county wherein any mistake or mistakes are alleged to have occurred, and shall continue such count from day to day (Sundays excepted), until the votes of all the election precincts wherein any such mistake or mistakes are alleged to have occurred shall have been counted, and when said count is completed shall declare the result, and issue the certificate of election to the party entitled thereto, as determined by their said count, but they shall in no case be allowed to throw out any ballot upon any alleged legal defect, if from the face of such ballot it can, upon inspection, be ascertained for whom the elector intended to cast his ballot; and, provided further, that nothing herein contained shall prevent either party to said proceeding to contest the right to said office in the courts, in the manner now prescribed by law." (As amended Stats. 1877, p. 83, and Stats. 1879, p. 118.)

On a proper interpretation of certain parts of this section
the rights of the parties to this proceeding depend.   Some
obscurity, and perhaps contradiction, in the terms in which
the statute is expressed, exists.   In the first part of the sec-
tion it is said:   "*Provided*, that when the election shall be
for legislators,   *   *   *   the district judge or judges shall
canvass and declare the election returns for such legislators."
Thus far it would seem that the county commissioners are
given no authority to canvass or declare the election returns
for legislators, that duty being by the law cast on the district
judge or judges.

Further on, however, in the section, the language of the
statute assumes that the board of county commissioners have
the power to canvass and declare election returns for legisla-
tors.   The language is as follows:   "*And provided further*,
that when said board of county commissioners shall have
canvassed the vote for legislators,   *   *   *   and it shall
appear from such canvass that any legislator   *   *   *   voted
for at such election has received a majority of ten votes or
less, in such case, upon the application of the defeated candi-
date for such office   *   *   *   it shall then be the duty of
said board of county commissioners to immediately proceed
to recount the ballots for said office.   *   *   *"

All parties in this proceeding have assumed, as the statute
itself assumes, that the board of county commissioners had
the right to make the canvass and return that it in fact did
make.   As the rights of all concerned in this proceeding
depend on the correctness of said assumption, we shall *pro
hac vice* make the same assumption, and proceed to consider
the contention of counsel herein.

If we correctly understand counsel for respondents, it is
admitted by him that the petitioner once had a right to
recount the ballots, the majority against him being only
three, but that through delay in asserting it the right was
lost.   The contention is:   (1) That after the board had on
the 11th of November, 1902, met, canvassed and declared the
vote, and made its order on its clerk to issue a certificate of
election to Mr. Souchereau, and adjourned, then the members
thereof were, so far as a canvassing board, *functi officio*, and
that they had no further power over the matter, and that the

demand and affidavit of Mr. Wright did not revive any former or confer any new control over the matter; and (2) if the board's control over the matter did not cease on its said adjournment on the said 11th of November, it did on the 13th of November, 1902, when Mr. Souchereau demanded and received from the clerk of the board the certificate of his election.

In support of his two contentions counsel cites a number of authorities, but none of them are applicable to the facts of this case. In none of the cases cited was there a clause of the statute saying that a recount could be had, except the case cited from 117 Mass. 599 (Opinion of the Justices). In that case the justices of the supreme judicial court of Massachusetts made "response" to the governor's inquiry that he and his counsel, as the statutory canvassing board, ought, on demand, to recount the ballots of certain towns named, because the statute said on demand the ballots of those towns should be recounted by them; but that he and his said counsel ought not, on demand, to recount the ballots of certain cities named, because the statute made no provision for recounting the ballots of those cities. As to those cities, the law having made no provision for a recount, a recount could not be had, but as to the towns named a recount could be had, because the law did make provision for a recount as to them. The said justices ruled that the said governor and his counsel were *functi officio* as to the ballots of the said cities, but not as to the ballots of the said towns. That case, when properly considered, is directly antagonistic to the contention of counsel here.

To say that when the board of county commissioners met as a canvassing board on the 11th of November, made its canvass, declared the result, ordered the certificate of election to issue, and adjourned, at that moment the right to make demand for a recount was lost, is so to restrict the right to demand a recount under the statute as to render it comparatively worthless. Until the declaration of the result, a defeated candidate could not make demand, because he could not until then know that the declaration would be against him. As in this case the declaration and adjournment took place on the same day, and, it may have been,

the one event following the other in rapid succession, such an interpretation of the statute would practically give no time at all in which to make a demand for a recount. The statute does not make any express limitation of time in which a demand for a recount may be made. It might be, perhaps, beneficial if the statute were made definite in this respect, and in other respects also cleared of obscurities and uncertainties; but that is a matter for tribunals other than this court. The situation was not materially changed by Mr. Souchereau's receipt of his certificate of election on the 13th of November. Without attempting to declare in general terms when, in such cases, time to make demand for recount would cease—probably an impossible task—we simply say that in this case we think the time had not ceased on the 15th of November, when petitioner's demand for a recount was filed with the board of county commissioners.

Counsel makes another contention—that the mandate of this court should not issue, because the petitioner has another remedy, to wit, a contest before the legislature, above mentioned, under sections 1636 to 1640 of the Compiled Laws of Nevada of 1900. True, the petitioner has probably the right under said section to test the question whether he or Mr. Souchereau is entitled to a seat in the said legislature, but that is not the question here. The question here is, did the petitioner, on the showing made by him, have the right to a recount of the ballots above mentioned? We think he had that right, and we know of no other way by which he would get it than through the action of said board in making the recount demanded.

It is therefore adjudged and ordered that the mandate of this court issue to the respondents above named that they forthwith meet as a board of canvassers, and make the recount demanded by the petitioner, in accordance with the views herein expressed.

BELKNAP, C. J., and TALBOT, J., concur.