[No. 2159]

# A. G. McBRIDE, Petitioner, *v.* ISAAC GRISWOLD, Et Al., as County Commissioners of Elko County, and W. W. BOOHER, Respondents.

[146 Pac. 756]

1. Elections—Contests—Board of County Commissioners—Statute.

Rev. Laws, sec. 1513, providing for recount of votes by the board of county commissioners, was not repealed by Stats. 1913, c. 284, the general election law, under Const. art. 4, sec. 21, providing that, where a general law can be made applicable, all laws shall be general and uniform in operation; since a general statute will not repeal particular provisions of a former act unless the two conflict irreconcilably.

2. Statutes—Public Officers—Constitutionality—Title.

Under Const. art. 4, sec. 17, providing that each law enacted shall embrace but one subject, which shall be briefly expressed in the title, Rev. Laws, sec. 1513, which is section 13 of an act entitled "An act to create a board of county commissioners in the several counties of the state, and to define their duties and powers," and establishing the duties of boards of county commissioners as election officers, was constitutional.

3. Constitutional Law—Elections—Election Contests—Departments of Government—Judiciary.

Rev. Laws, sec. 1513, defining the election duties of boards of county commissioners, providing for recounts by them, is not void as vesting judicial powers in such board.

4. Elections—Contest—Recount—Statute.

Under Rev. Laws, sec. 1513, defining election duties of boards of county commissioners, such a board may reconvene after adjournment as a board of canvassers to conduct a recount, even in the absence of express authority in the statute; the imposition of a specific duty always implying power and function to perform it in a reasonable manner.

5. Prohibition—Election Contests—Action by Boards of County Commissioners.

Where a board of county commissioners has no legal power to act in the matter of an election recount, writ of prohibition, issuing on petition of presumably successful candidate, is a proper remedy.

6. Elections—Contests—Concurrent Remedies—Statutes.

Where various remedies as to election contests were afforded, at common law, under the code of civil procedure, and the general election law (Stats. 1913, c. 284), and under Rev. Laws, sec. 1513, concerning the powers of boards of county commissioners in regard to elections, these remedies are concurrent. not being incompatible, and the party seeking relief may use any.

ORIGINAL PROCEEDING in prohibition by A. G. McBride against Isaac Griswold and others, composing the Board of County Commissioners of Elko County, and W. W. Booher, to prevent an election recount. **Writ denied,** and alternative writ dismissed.

*Klein & Hale*, for Petitioner.

*Carey Van Fleet* and *Geo. B. Thatcher*, Attorney-General, for Respondents.

By the Court, MCCARRAN, J.:

This is an original proceeding in prohibition, wherein the petitioner seeks to prohibit respondents Isaac Griswold, J. H. Peck, and Webster Patterson, acting as county commissioners of Elko County, from hearing, entertaining, passing upon, proceeding with, or doing anything with reference and respect to a recount of the votes cast at the November election in Elko County, so far as said votes concern petitioner, as a candidate for the office of assemblyman from said county, and W. W. Booher, also a candidate for said office.

As appears from the record, respondents, as members of the board of county commissioners, pursuant to law, met on the 11th day of November, 1914, and canvassed the vote cast in the several precincts of the county. As a result of said canvass, petitioner was declared elected to the office of assemblyman by a majority of three votes over W. W. Booher, candidate for the same office. Respondents, after issuing their order that the certificate of election be issued to petitioner, adjourned without date.

On the 5th day of December, 1914, W. W. Booher filed in the office of the county clerk of Elko County his petition in writing, wherein he states that he has reason to believe, and does believe, that a mistake or mistakes have occurred on the part of the inspectors of election in the election precincts of Carlin, in the said county of Elko, and on the part of the inspectors of the other precincts of said county, sufficient to change the result of said election so far as the said office of assemblyman is concerned; and,

further, that he has reason to believe and does believe that ballots were counted for the said A. G. McBride which should be rejected; and has reason to believe and does believe that a recount of all the legal and valid ballots cast in said election in said county will show that the said W. W. Booher received more votes than the said A. G. McBride. Pursuant to said declaration, the said W. W. Booher demanded a recount of all the votes cast in the several precincts of the county; the recount being demanded under the provisions of section 1513 of the Revised Laws of Nevada. Petitioner seeks by these proceedings to prohibit the board of county commissioners from recounting pursuant to the petition referred to.

[1] Section 1513 of the Revised Laws of Nevada is section 13 of an act entitled "An act to create a board of county commissioners in the several counties of this state, and to define their duties and powers."

The portion of the section applicable to this case is as follows:

"The board of county commissioners shall also act as a board of canvassers, and declare election returns, and cause a certificate of election to be given by their clerks to any person who shall be elected to any legislative, county, or township office within their county;    *    *    * *and, provided further,* that when said board of county commissioners shall have canvassed the vote for legislators, county, and township officers, and it shall appear from such canvass that any legislator, county, or township officer voted for at such election has received a majority of ten votes or less, in such case, upon the application of the defeated candidate for such office, setting forth, under oath, that he has reason to believe, and does believe, that a mistake or mistakes have occurred on the part of the inspector of election in any election precinct or precincts in said county sufficient to change the result of such election so far as said office is concerned, it shall then be the duty of said board of county commissioners to immediately proceed to recount the ballots for said office of any or all the precincts in said county wherein

any mistake or mistakes are alleged to have occurred, and shall continue such count from day to day (Sundays excepted), until the votes of all the election precincts wherein any such mistake or mistakes are alleged to have occurred shall have been counted, and when said count is completed shall declare the result, and issue the certificate of election to the party entitled thereto, as determined by their said count, but they shall in no case be allowed to throw out any ballot upon any alleged defect, if from the face of such ballot it can, upon inspection, be ascertained for whom the elector intended to cast his ballot; *and, provided further,* that nothing herein contained shall prevent either party to said proceeding to contest the right to said office in the courts, in the manner now prescribed by law."

It is the contention of petitioner that this section has been repealed by implication, inasmuch as the legislature of 1913 passed a general election law, entitled "An act relating to elections and removals from office," citing therein Stats. 1913, p. 493, and we are referred to article 4, section 21, of the constitution, wherein it is declared: "In all cases   *   *   *   where a general law can be made applicable, all laws shall be general and of uniform [application and] operation throughout the state."

It must be observed in this respect, however, that section 1513, Revised Laws, under the provisions of which the recount is demanded, is a specific statute, not only prescribing certain powers to be vested in the board of county commissioners, but also prescribing certain duties to be performed by that body. There is no direct or specific provision or section in the general election law of 1913 which attempts to meet the conditions, either as to the powers or the duties of the board of county commissioners, contemplated by section 1513. It is true that the general election law of 1913 contains certain specific repealing clauses, but none of these clauses, either directly or inferentially, refer either to section 1513 or its provisions. It cannot, in our judgment, be successfully contended that section 1513 would be inferentially repealed

by the general election law for repugnance or as being in conflict. Section 1513 is neither repugnant to any of the provisions of the general election law of 1913, nor is it in conflict with any specific provision contained in that act. Moveover, the provisions of section 1513 are, in our judgment, not incongruous to the spirit and intent of the general election act of the last legislature; there being no specific declaration in the general election act on which it could be even inferred, much less taken as direct, that the intention of the legislature was to repeal or make nugatory the provisions of section 1513. The rule so often referred to by this court, and universally adopted, will suffice to settle this phase of the question. The repeal of statutes, either totally or partially, by implication, is not favored; and a general statute, without negative words, will not repeal the particular provisions of a former one, unless the two acts are irreconcilably inconsistent. Moreover, where a later enactment is not repugnant to a former one, it does not repeal the same by implication. (*State* v. *LaGrave,* 23 Nev. 380, 48 Pac. 193, 674; *State* v. *Donnelly,* 20 Nev. 218, 19 Pac. 680; *State, ex rel. Love,* v. *Cosgrove,* 85 Neb. 187, 122 N. W. 885, 26 L. R. A. n. s. 216.)

If the intention of the legislature may be gathered from inference, it may be well to observe, in this respect, that by section 58 of the general election law of 1913 the legislature specifically recognized the right of recount, by fixing a time—to wit, sixty days from the date of election—within which recount may be made. Section 1513, Revised Laws, being the only statute providing directly for recount, other than in the case of a tie vote, the inference follows that the legislature of 1913, which enacted the general election law, rather recognized the existence of section 1513, and contemplated its operation. (Stats. 1913, p. 541.)

[2] It is next contended by petitioner that section 1513 is void, as in contravention of article 4, sec. 17, of the state constitution, wherein it is provided that each law enacted shall embrace but one subject, and matter properly connected therewith, which subject shall be briefly

expressed in the title. In this respect we deem it only necessary to say that section 1513, by its provisions as affecting this case, does no more than any other section of the act, wherein a specific power is conferred upon, or a specific duty is required of, that certain body created by the act itself and designated a board of county commissioners. By the title of the act notice is given of that which the act seeks to create; and, as a secondary matter, the title gives notice that powers will be conferred in the thing created, and duties will be imposed upon the thing created. The duties and powers conferred by section 1513 are not such as could be considered foreign to county government—the very thing of which the board of county commissioners, created by this act, were given specific supervisory powers and duties. Nothing contained in section 1513 is incongruous with the general subject-matter of which the title of the act gives ample notice. (Cooley, Const. Lim. 7th ed. 206.) The provisions of section 1513 are properly germane to, and properly connected with, the subject expressed in the title of the act; and, this being true, it is conclusive of this phase of the question, under the rule considered by this court in the case of *State, ex rel. John Sparks, et al.*, v. *State Bank and Trust Co., et al.*, 31 Nev. 456, 103 Pac. 407, 105 Pac. 567, and to the same effect in *Ex Parte Ah Pah*, 34 Nev. 283, 119 Pac. 770.

[3] It is contended by the petitioner that section 1513 confers judicial powers upon the board of county commissioners, and is therefore void. We deem this contention untenable. With the same seriousness it might be contended that the acts of the judges of election in the several precincts, in canvassing the votes cast in their respective precincts, were judicial, rather than ministerial. (*County of Calaveras* v. *Brockway, et al.*, 30 Cal. 325.)

It is contended that the board of county commissioners have no power to determine the result of an election affecting state officials. We deem it unnecessary, however, to dwell at length on this phase, inasmuch as by the specific provisions of section 1513 the power is conferred

upon the board of county commissioners, and, moreover, the duty is imposed upon them, to conduct recounts and declare results after having canvassed the vote for certain officers, of which officers, that of legislator is specifically mentioned. It is unnecessary, we deem it, for us to dwell upon the question as to whether or not a state legislator is a state or county officer, inasmuch as the application of the provisions of section 1513 would not be affected.

[4] As to the contention of petitioner that the board of county commissioners has no power to reconvene, after adjournment, as a board of canvassers, we deem comment unnecessary, further than to say that, in our judgment, the matter was sufficiently settled by the decision of this court in the case of *Wright* v. *Commissioners,* 27 Nev. 33, 71 Pac. 145. As was said in that case, the statute does not make any express limitation of time in which a demand for recount may be made. Moreover, the imposition of a specific duty implies the power and function to do what may be reasonably necessary to perform that duty. The statute might properly have placed a limit of time within which the recount might be demanded and conducted; but, being silent as to that, it is not for the court to legislate. It may be well to observe, in this respect, that the demand for recount in the case at bar was made within the time fixed for such demand by our general election law of 1913. (Stats. 1913, p. 541.)

[5] The entire matter here presented for consideration may be summed up in one question: Will the board of county commissioners, by their contemplated act of recounting the votes cast in the several precincts, exceed the legitimate powers conferred upon them by statute? If they have no jurisdiction to proceed in the premises, or by their proceedings would exceed the powers conferred upon them by statute, then the writ of prohibition is the proper remedy. The several contentions made by petitioner, challenging the constitutionality of section 1513, go solely to one central idea; namely, the authority

of the board of county commissioners to act in the premises.

It is our conclusion, in the light of the foregoing observations, that section 1513, enacted as it was by the legislature of 1877, and reenacted in its present form by the legislature of 1879, confers sufficient authority upon the board of county commissioners to proceed in the premises.

It may be conceded that there are other remedies and other proceedings authorized by different statutes which would effect the same or similar results. These, however, if such exist, may be considered as concurrent, in their remedial effect, with section 1513.

[6] Even if it might be said that the general election law of this state enacted by the legislature of 1913, or our code of civil procedure, or procedure at common law, would effect a similar remedy to that contemplated by section 1513, yet, no other statute or proceeding being incompatible with the provisions of section 1513, the remedy thus afforded must be considered as cumulative, and the party seeking the relief may adopt either course at his option. ( *State, ex rel. Jarvis,* v. *Craig,* 100 Minn. 352, 111 N. W. 3; *State, ex rel. Love,* v. *Cosgrove, supra; Brown* v. *Dunn,* 35 Nev. 174, 127 Pac. 81.)

For the foregoing reasons, the application of the petitioner for a writ of prohibition is denied.

The alternative writ heretofore issued is hereby dismissed.