STATE OF MINNESOTA, *ex rel.* The Eau Claire Dells Improvement Company, *vs.* DISTRICT COURT FOR RAMSEY COUNTY and others.

October 18, 1879.

Prohibition.—Where, in an ordinary action in the district court, it is alleged that the court has not jurisdiction over the person, the proper remedy is to get the decision of the court upon that question, and review such decision upon an appeal from the judgment. If there be an adequate remedy by appeal, prohibition is not the proper remedy.

James McIntire and others, partners in business in the state of Wisconsin, filed their complaint in the district court for Ramsey county against the Eau Claire Dells Improvement Company, a Wisconsin corporation, having no agent or place of business in this state. The action was upon contracts made and to be executed in Wisconsin. A summons was issued and was served by the sheriff of Ramsey county at the city of St. Paul, in that county, by delivering a copy thereof to the president of the company, who was then within this state, not on any business of the company, but for his own personal business and pleasure, and who had no authority from the company to receive such service. The company appeared specially in the action for the sole purpose of a motion to set aside the service of the summons, which motion was, after argument, denied by the district court. Thereupon the company obtained from this court a writ of prohibition to restrain further proceedings in the action. The respondents made due return to the writ, and moved that it be quashed.

*Davis, O'Brien & Wilson,* and *L. M. Vilas,* for relator.

*Geo. L. & Chas. E. Otis,* for respondents.

GILFILLAN, C. J. The question sought to be raised in this proceeding is, can the courts of this state acquire jurisdiction over the person of a corporation created under the laws of another state, where the cause of action arose out of this state, and the corporation has no property therein, and never transacted any business, nor had any office, or agency, or officer, or agent therein, and the only ground for asserting such jurisdiction is that the summons was served within the state upon an officer of the corporation, who was in the state, not upon any business, nor by any authority of the corporation, but solely in a private capacity, and for his own private business or pleasure? The relator first raised the question in the district court, by a motion, upon affidavits showing the facts, to set aside such a service of the summons, which motion being denied, it procured this writ of prohibition to issue.

We have very little doubt that if the question were properly before us for decision, we should sustain the objection to the jurisdiction. The facts in *Guernsey* v. *American Ins. Co.,* 13 Minn. 278, were sufficient to sustain the jurisdiction, but the reasoning of the court goes further than we can approve. But the writ of prohibition is not the proper remedy.

In *State* v. *Municipal Court of St. Paul, ante,* p. 162, where it was alleged that matters had arisen in the course of an action which ousted the jurisdiction of the municipal court, this court laid down the rule "that in an action proceeding in the ordinary way, by summons, pleadings, trial, judgment, etc., where the cause of action is within the jurisdiction of the court, and, in the course of the action, any matter arises or is presented to the court which requires it to decide upon its jurisdiction, an error in such decision ought to be corrected upon review; and that where in such case an adequate mode of review is open to the party, the writ of prohibition ought not to issue." This rule is just as applicable to an action

where it is alleged that there is a want of jurisdiction over the person; and where the party may raise the question of want of jurisdiction over the person in the court in which the action is brought, and have a review of its decision by this court, upon appeal, that is his proper remedy.

Under Gen. St. *c.* 86, § 8, subd. 1, the order denying the motion to set aside the service may be reviewed upon an appeal from the judgment, as an order necessarily affecting the judgment. This remedy to correct such an error of the court is adequate. The party does not, by appealing, waive the error in overruling his objection, properly taken, to the jurisdiction. The rule that where want of jurisdiction over the person is alleged, the party shall first get the decision of the court below upon it, and review that decision upon appeal from the judgment, is, in the vast majority of cases in which the question might arise, much better for the speedy and orderly administration of justice. That there may be exceptional cases, like this, where a more summary mode of correcting an error of the court below may save parties the expense and trouble of a useless trial, is not sufficient to overcome the considerations in favor of the rule.

Writ quashed.