STATE ex rel. JARVIS v. FRED CRAIG and Others.[1]

March 15, 1907.

Nos. 15,056—(196.)

**Election Contest.**

Section 114, c. 8, p. 48, Laws 1895, which confers upon the city council the power to canvass the results of votes cast at all city elections and declare the results thereof, and makes the council the judge of the election and qualification of its own members, was not repealed by chapter 365, p. 584, Laws 1901, or by section 336, R. L. 1905. The council and the district court have concurrent jurisdiction to hear and determine election contests of this character.

**Writ of Prohibition.**

A writ of prohibition will issue only when it appears that the inferior court or tribunal to which it is directed is proceeding in some matter over which it possesses no jurisdiction, or is exceeding its legitimate powers in a matter over which it has jurisdiction. Irregularities and defects in the proceeding will not warrant the court in granting this remedy.

Order issued by the supreme court upon relation of James Jarvis, restraining respondents, as alderman of East Grand Forks, as members of the city council and as mayor, from hearing or determining an election contest and requiring them to show cause why a writ of prohibition should not issue. Order discharged.

*F. C. Massee* and *G. A. E. Finlayson,* for relator.

*H. A. Bronson* and *D. T. Collins,* for respondents.

ELLIOTT, J.

This proceeding questions the jurisdiction of the city council of the city of East Grand Forks to determine the right of the relator to the office of alderman.

Since September 15, 1898, the city of East Grand Forks has been, and now is, organized under chapter 8, p. 16, Laws 1895. At the regular city election held on November 7, 1905, the relator, James Jarvis, and August Borchers were candidates for the office of alderman from the First ward of that city. It is conceded that both candidates were

[1] Reported in 111 N. W. 3.

eligible to the office. On November 13, 1905, the canvassing board declared that each candidate had received twenty nine votes and that the result was a tie. Thereafter, on November 20, the tie was determined in favor of the relator by the casting of lots in the presence of the city council, as provided by section 47, c. 8, p. 31, Laws 1895, and thereupon the council adopted a resolution declaring the relator the duly elected alderman from the First ward. Under instructions from the council the city clerk then issued and delivered a certificate of election to the relator, who on January 2, 1906, entered upon the discharge of his duties as alderman and for some time participated in the work of the council. He continued to perform the duties of the office until February 13, 1906, when he was ousted by a judgment of the district court. This judgment was thereafter adjudged void and reversed by this court (Bell v. Jarvis, 98 Minn. 109, 107 N. W. 547), and the relator again took his seat as a member of the council and is still performing the duties of the office.

On July 7, 1906, at a special meeting of the city council, on the complaint of August Borchers, proceedings were instituted by the council to hear and determine the matter set forth in the petition and complaint; that is, to hear and determine an election contest instituted by Borchers. The relator then applied to this court for a writ of prohibition, directed to the members of the city council and the mayor of said city, and a restraining order issued.

If the city council has jurisdiction over the subject-matter of the controversy, the writ of prohibition should not issue. This depends upon whether Laws 1895, p. 48, c. 8, § 114, has been repealed. That statute provides:

> The city council shall have power to, and it shall, canvass the returns of votes cast at all city elections and declare the results thereof, and shall be the judge of the election and qualifications of its own members.

Chapter 365, p. 584, Laws 1901, provides that: "Any candidate or elector of the proper city or county may contest the election of any person declared elected by any canvassing board to any city, county or state office, provided that the person so desiring to contest the election of any such officer, shall within ten days after the decision of any such

canvassing board, file with the clerk of the district court of the proper county, a notice of appeal from such decision of such canvassing board," etc.  This act was in substance carried into R. L. 1905, § 336, as follows:

> Any voter may contest the election of any person for or against whom he had the right to vote who is declared elected to a state, county or municipal office, or the declared result upon a constitutional amendment or other question submitted to popular vote, by proceeding as follows:  He shall file with the clerk of the district court of the county of his residence within ten days after the canvass is completed, a notice of appeal to such court, specifying the points upon which the contest will be made, etc.

Chapter 365, p. 584, Laws 1901, applied to municipal elections. Duryea v. Sibley, 76 Minn. 55, 78 N. W. 865.  The relator contends that chapter 365, p. 584, Laws 1901, was inconsistent with chapter 8, p. 16, Laws 1895, and therefore repealed it, and that the proceedings provided by the law of 1901, as carried into the Revised Laws of 1905, is now the only method for contesting such an election.  We are not able to agree with the relator in this respect.  There is some conflict among the authorities, but it is generally held that a statute which authorizes a common council to be the judge of the election and qualifications of its own members does not give it exclusive jurisdiction, to the exclusion of the jurisdiction vested in the courts.  State v. Kempf, 69 Wis. 470, 34 N. W. 226, 2 Am. St. 753; State v. Kraft, 18 Ore. 550, 23 Pac. 663; State v. Morris, 14 Wash. 262, 44 Pac. 266; State v. Anderson, 26 Fla. 240, 8 South. 1; People v. Hall, 80 N. Y. 117.  In this state such a provision, without the use of the word "sole" or "exclusive," or some similar form of expression to indicate an intention to oust the jurisdiction of the courts, does not affect such jurisdiction. State v. Gates, 35 Minn. 385, 28 N. W. 927; State v. Dowlan, 33 Minn. 536, 24 N. W. 188.  The remedies may therefore be concurrent.  The act of 1901 does not deprive the city council of jurisdiction over such election contest.

The other questions raised by the relator go to alleged irregularity in the procedure in this particular case or to the sufficiency or insuffi-

ciency of the evidence to establish the rights of the several parties. As said in State v. Crosby, 92 Minn. 176, 99 N. W. 636: "Alleged irregularities and defects in the proceedings * * * cannot be considered. To warrant a court in granting the extraordinary remedy of prohibition, it must clearly appear that the inferior court or tribunal to which it is directed is proceeding in some matter over which it possesses no rightful jurisdiction, or is exceeding its legitimate powers in a matter over which it has jurisdiction. It is a preventive, not a corrective, remedy. The only question reached by the writ, therefore, is whether the inferior court or tribunal is wholly without jurisdiction, or is exceeding its legitimate power and authority. If it have no jurisdiction of the subject-matter, prohibition is the proper remedy; but if it have jurisdiction of the particular matter, and there is no claim that it is exceeding its authority in the premises, the writ will not issue, however defective its proceedings may be. All irregularities and defects must be reviewed in some other proceeding."

The order to show cause is therefore discharged.