STATE EX REL. F. D. BEEDE v. RICHARD M. FUNCK AND ANOTHER.[1]

July 25, 1941.

No. 32,979.

*Arthur R. Smythe,* for petitioner.
*Benjamin W. Pass,* for respondents.

[1]Reported in 299 N. W. 684.

STONE, JUSTICE.

This matter is here on our alternative writ of prohibition staying further proceedings pending below.

The action seeks recovery of the balance due on a conditional sale contract. It was begun August 7, 1939. For default of answer, judgment was entered against defendant. But, upon order to show cause, that judgment was set aside for lack of jurisdiction. Later, on motion and order, October 9, 1939, the summons and complaint were set aside and the action dismissed. The proof of service averred personal service, and defendant showed that he had never been personally served.

Such was the posture of the case when, 18 months later, March 18, 1941, plaintiff moved to amend the proof of service to show substituted service. By order of April 30, 1941, the motion was granted, and the order of October 9, 1939, was vacated.

Defendant is the petitioner here. His contention was and is that by reason of the 18 months' delay the court lost jurisdiction to disturb the dismissing order of October 9. He makes a strong case of error, but has mistaken his remedy. As stated by this court, speaking through Mr. Chief Justice Gilfillan, "where the party may raise the question of want of jurisdiction over the person in the court in which the action is brought, and have a review of its decision by this court, upon appeal, that is his proper remedy." State ex rel. Eau Claire Dells Imp. Co. v. District Court, 26 Minn 233, 235, 2 N. W. 698, 699.

The order of October 9 was appealable. So also is the belated order of April 30, 1941, vacating the former order. Mason St. 1927, § 9498(3); Rogers v. Greenwood, 14 Minn. 256 (333); People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219; Rishmiller v. Denver & R. G. R. Co. 134 Minn. 261, 159 N. W. 272; Picciano v. D. M. & N. Ry. Co. 102 Minn. 21, 112 N. W. 885. The latest order below and occasion for our alternative writ was one in effect for the revival of the action. The general rule is that "an order granting or denying the right to revive an action is

a final decision and hence reviewable" by appeal. 2 Am. Jur., Appeal and Error, § 92.

Where there is an adequate remedy by appeal, a writ of prohibition will not be granted. 5 Dunnell, Dig. § 7842; State ex rel. Lasher v. Municipal Court, 26 Minn. 162, 2 N. W. 166. Compare State ex rel. Byram v. Johnson, 173 Minn. 271, 217 N. W. 351. The remedy by appeal is adequate. The fact that it may be less summary and more expensive does not *ipso facto* render appeal inadequate. State ex rel. Eau Claire Dells Imp. Co. v. District Court, 26 Minn. 233, 2 N. W. 698. Compare State ex rel. Minnesota Nat. Bank v. District Court, 195 Minn. 169, 262 N. W. 155.

The record is clear that the application to vacate the order of October 9, 1939, was made after the time within which such an application was permitted by Mason St. 1927, § 9283, and the court erred in granting the application. We need not consider whether this order was beyond the jurisdiction of the court or merely erroneous. There was an adequate and expeditious remedy by appeal, and under the circumstances here involved our discretion should not be exercised to issue a writ of prohibition even if there be a total lack of jurisdiction. Doubtless, when the trial court's attention is invited to our views on its order of April 30, 1941, it will upon application reconsider its action.

Writ discharged with leave to the petitioner to apply to the trial court for reconsideration of the order of April 30, 1941.

So ordered.