STATE EX REL. FRANK LAURISCH v. HARRY A. JOHNSON
AND ANOTHER.[1]

December 17, 1943.

No. 33,741.

See 214 Minn. 221, 8 N. W. (2d) 227.

*Josiah A. Baker,* for relator.

*Schmitt, Johnson & Farrish* and *Pfau & Pfau,* for respondents.

[1]Reported in 12 N. W. (2d) 343.

JULIUS J. OLSON, JUSTICE.

A writ of prohibition is wanted to prevent respondents, as district judges, from "presiding or taking any further part" in a certain cause now pending there.

The facts upon which the writ is predicated are found in State ex rel. Laurisch v. Pohl, 214 Minn. 221, 8 N. W. (2d) 227, to which reference is directed. That was a suit in *mandamus* to compel the board of county commissioners of Blue Earth county to redistrict their county. We there sustained the order of the trial court, which provided that the commissioners should "proceed forthwith" to redistrict their county. Our opinion was filed January 22, 1943. The county board has not complied with that mandate. The reason for its failure or refusal to comply is founded upon L. 1943, c. 300, approved April 5, 1943. This act amends Minn. St. 1941, § 375.02 (Mason St. 1940 Supp. § 651), upon which the original suit was founded and our decision based. The amending act provides:

"* * * However, the county board may first submit the question of redistricting to the voters of the county at the next regular election after such state or federal census or the passage of this act upon a separate ballot and in the following form: Shall there be a redistricting of county commissioners' districts? ....Yes. ....No. *In the event the voters on this question cast a majority vote in favor of redistricting, the county board shall redistrict. Otherwise it need not do so.* When any Board of County Commissioners has not redistricted a county as by law required prior to the enactment hereof, such board may submit to the voters the question of redistricting as herein provided and shall be subject to the provisions of this act." (Italics supplied.)

On April 10, 1943, the board in conformity with that act adopted a resolution providing for submission of the question of redistricting to a vote of the people of the county to be held at the same time as the November 1944 general election. On June 8, a suit was brought by one J. G. Gerlich and others, as plaintiffs, against the

county board as defendants. To this suit, Mr. Laurisch, relator here, was later joined as intervener. The relief there wanted included the following: "that said defendants be enjoined from taking any proceedings or action of any kind or character to redistrict said County of Blue Earth until they have first submitted the question of redistricting to the voters" of that county. A temporary restraining order was issued in compliance with this petition. On June 19 that matter came before the Honorable Charles A. Flinn, one of the respondents here, who on September 4 made and filed an order dismissing the cause but granting a 40-day stay. A further stay was granted to November 24. There the matter hung until November 16, 1943, when, upon relator's application, we issued an order for a writ of prohibition returnable November 29.

In the meantime, however, proceedings had been brought before the Honorable Julius E. Haycraft (sitting for and in behalf of the resident judge, the Honorable Harry A. Johnson), requiring the county board to show cause why its members should not be found guilty of contempt for failure to comply with the writ of *mandamus* theretofore entered in conformity with our direction in the Pohl case, where we held (214 Minn. 226, 8 N. W. [2d] 230):

"* * * It seems clear, therefore, that only one construction can be given to § 375.02 (§ 651), namely, that the commissioners are mandatorily required to redistrict their counties when the population of any one district therein is 30 percent or more of the population of the county."

And at 214 Minn. 228, 8 N. W. (2d) 231:

"* * * From the undisputed facts in this case it appears that the commissioners have not only failed to comply with the statute, but do not intend to do so unless compelled by mandate. The provision of the trial court's order directing that they 'proceed forthwith' to redistrict their county was proper under the facts in this case."

Quite obviously, to circumvent the requirements of the writ, the commissioners then moved to amend or modify the order in the

original action so as to permit them to comply with the new act (L. 1943, c. 300). That motion was denied May 3, Judge Haycraft being of the view that the order upon which the judgment in the main action was founded, and here sustained, spelled finality and, as such, was not affected by the amending act.

It is thus apparent that the trial judges who have acted in this matter have given full force and effect to our original decision. We may safely assume that they are not now looking for a reversal of their actions. Yet, in the proceeding here brought, the sole effort made by counsel claiming to represent them is that the amending act is in force and that the county board has authority to have the matter of redistricting submitted to the people of the county. We think, therefore, that there is in fact no conflict before us in this proceeding between petitioner and the respondent·judges. The only ones interested in defeating what the judges below have done are the members of the county board. They are not parties to this proceeding individually or collectively.

Since this matter involves prohibition, our disposition thereof now does not and cannot include a consideration of the merits of the controversy nor the effect of the legislative change (L. 1943, c. 300) upon our decision in State ex rel. Laurisch v. Pohl, *supra.* The time to consider that issue is when the case comes properly before us. Clearly, we think the real question at issue before the trial judges was whether L. 1943, c. 300, applies to the situation in Blue Earth county. The judges there functioning had and still possess jurisdiction to determine that question in the first instance.

■ We have held in numerous cases, as summarized in 5 Dunnell, Dig. & Supp. § 7840, that "A writ of prohibition, as employed in this state, is an extraordinary writ issuing out of the supreme court for the purpose of keeping inferior courts or tribunals, * * * · from going beyond their jurisdiction." The cases are cited under note 26.

■ "The writ is directed to the court or other tribunal and to the prosecuting party commanding the former not to entertain and

the latter not to prosecute the action or proceeding." *Id.,* where the cases are found under note 27.

■ "The office of the writ is not to correct errors or reverse illegal proceedings, but to prevent or restrain the usurpation of inferior tribunals or judicial officers, and to compel them to observe the limits of their jurisdiction." *Id.,* where the cases are cited under note 28.

■ Obviously, a writ of prohibition is not available to petitioner in this case; hence the writ is quashed. *Id.* § 7842; State ex rel. Palarine v. Ferguson, 203 Minn. 603, 281 N. W. 765.

So ordered.

MR. CHIEF JUSTICE HENRY M. GALLAGHER took no part in the consideration or decision of this case.