RUSSELL C. HEINSCH AND ANOTHER v. THOMAS KIRBY AND ANOTHER.[1]

October 4, 1946.

No. 34,328.

[1]Reported in 24 N. W. (2d) 493.

*Ludwig O. Solem,* for appellants.

*H. Van Valkenburg & Blaisdell,* for respondents.

CHRISTIANSON, JUSTICE.

This matter is before us on an order to show cause why a writ of prohibition should not be issued. The proceeding arises out of an unlawful detainer action commenced by plaintiffs to gain possession of certain premises from defendants, who were holding the premises under a month-to-month lease. The basis of the action was that there had been a termination of the lease by notice. The action was heard by the court without a jury and resulted in findings of fact, conclusions of law, and order for judgment in favor of plaintiffs. Judgment of restitution was duly entered in conformity with the findings and conclusions of law. Defendants appealed to this court from the judgment and gave a supersedeas bond. Subsequently, pursuant to Minn. St. 1945, § 566.11, plaintiffs gave a bond conditioned to pay all costs and damages in case the judgment on appeal be reversed. The trial court thereupon issued a writ of restitution. It is for the purpose of staying the execution of the writ of restitution pending determination of the appeal that defendants have here sought a writ of prohibition to restrain plaintiffs, the municipal court officers of the city of Minneapolis, and the municipal court of Minneapolis from enforcing or attempting to enforce the execution of the writ of restitution.

In support of their petition for the writ of prohibition, defendants assert that the relation of landlord and tenant in this case is not based upon a written lease wherein defendants are holding over after expiration thereof, and that plaintiffs did not serve upon defendants a notice to quit the premises or a notice terminating the tenancy from month to month, it being claimed that the notice of termination served by plaintiffs did not conform to the requirements of law, and that, by reason thereof, there has in fact been no termination of the lease by notice to quit. Defendants argue that because of the foregoing all proceedings on the part of plaintiffs are stayed pending the decision of this court on the appeal from the judgment in the unlawful detainer proceeding, and that therefore the issuance of the writ of restitution pending the appeal was in excess of the court's power.

Pertinent to the decision of this matter is § 566.11 above referred to, which reads as follows:

"If the party against whom judgment for restitution is rendered or his attorney state to the justice that he intends to take an appeal, a writ of restitution shall not issue for 24 hours after judgment. In an action on a lease, against a tenant holding over after the expiration of the term thereof, or a termination thereof by a notice to quit, such writ may issue forthwith notwithstanding such notice of appeal, if the plaintiff give a bond conditioned to pay all costs and damages in case on the appeal the judgment of restitution be reversed and a new trial ordered."

There is no question here as to the jurisdiction of the court in unlawful detainer proceedings. The only question, then, is whether the lower court exceeded its legitimate power and authority in the issuance of the writ of restitution. As hereinbefore stated, the action of unlawful detainer was brought and tried upon the ground that there had been a termination of the lease by notice, and the trial court made a finding that there had thus been a termination of the lease. Under the circumstances, it is clear that when plaintiffs, after the appeal by defendants, gave a bond pursuant to § 566.11, as hereinbefore set forth, the issuance by the trial court

of a writ of restitution was a legitimate exercise of its power. Since the court did not exceed its authority in that respect, it would be improper for this court to grant the writ of prohibition here sought. It is unavailing for defendants here to contend that the court erroneously found that there was proper notice of termination of the tenancy in question. If the court erred in such holding, the error is properly reviewable on appeal. Determination of the merits of a case by writ of prohibition is not the proper office of such writ. The office of the writ is not to correct errors or reverse illegal proceedings, but to prevent or restrain usurpation by inferior tribunals and to compel them to observe the limitation of their jurisdiction. State ex rel. Jonason v. Crosby, 92 Minn. 176, 99 N. W. 636; State ex rel. Jarvis v. Craig, 100 Minn. 352, 111 N. W. 3; Huhn v. Foley Bros. Inc. 221 Minn. 279, 286, 22 N. W. (2d) 3, 8.

Order to show cause discharged and writ denied.