STATE EX REL. CYRIL C. SHEEHAN v. DISTRICT COURT OF HENNEPIN COUNTY AND OTHERS.

93 N. W. (2d) 1.

October 31, 1958—No. 37,633.

---

[11]See, 13 Dunnell, Dig. (3 ed.) § 7033, and cases cited therein.

*Miles Lord,* Attorney General, and *Robert J. Stenzel,* Special Assistant Attorney General, for relator.

*Daniel S. Feidt* and *Robert I. Lang,* for respondent Standard American Life.

PER CURIAM.

This proceeding involves an application to have a writ of prohibition issued out of this court made absolute.

This court has repeatedly said that three things are essential to justify the issuance of the writ. It must appear: (1) That the court, officer, or person against whom the writ issues is about to exercise judicial or quasi-judicial power; (2) that the exercise of such power by such court, officer, or person is unauthorized by law; and (3) that it will result in injury for which there is no other adequate remedy at law.

The writ of prohibition is an extraordinary writ issued for the purpose of preventing inferior courts or tribunals or other individuals invested by law with judicial or quasi-judicial authority from going beyond their jurisdiction. The general nature and office of the writ is to furnish a preventive rather than a corrective remedy. The writ is not one of right but of discretion and issues only in extreme cases where the law affords no other adequate remedy by motion, trial, appeal, certiorari, or otherwise. In the absence of another legal remedy which is reasonably efficient and adequate, it may properly be issued in the discretion of the court to prevent an inferior tribunal from proceeding in a matter over which it is wholly without jurisdiction or in which it is exceeding its legitimate power and authority. The writ may issue to restrain an inferior court from exceeding its legitimate powers in a matter over which it has jurisdiction as well as to restrain it from proceeding in a matter over which it has no jurisdiction, and it may also issue to prevent an abuse of discretion where there is no other adequate remedy at law. See, Weidel v. Plummer, 243 Minn. 476, 68 N. W. (2d) 245; Craigmile v. Sorenson, 241 Minn. 222, 62 N. W. (2d) 846; Bellows v. Ericson, 233 Minn. 320, 46 N. W. (2d) 654; Nemo v. Local Joint Executive Board, 227 Minn. 263, 35 N. W. (2d) 337, 811; State ex rel. Flodin v. District Court, 222 Minn. 546, 25 N. W. (2d) 692; State ex rel. Roberts v. Hense, 135 Minn. 99, 160 N. W. 198; State ex rel. Hahn v. Young, 29 Minn. 474, 9 N. W. 737; Home Ins. Co. v. Flint, 13 Minn. 228 (244); 15 Dunnell, Dig. (3 ed.) §§ 7840, 7841.

The relator alleges that the district court is about to exercise judicial power; that a temporary restraining order has been granted by the Honorable John A. Weeks, one of the judges of the Hennepin County District Court, requiring relator to show cause why a temporary injunction should not issue; and that the court below is not authorized by law to grant an injunction restraining relator in a proceeding which the relator alleges is brought under M. S. A. 72.28 and related statutes §§ 72.20 through 72.35.

It is clear from a reading of § 72.28 that relator as commissioner of insurance of the State of Minnesota is charged with the obligation of regulating the conduct of persons engaged in the business of insurance so far as any method of competition or any act or practice in the conduct of that business is concerned which is not defined in § 72.23. If he has reason to believe that such competition is unfair or the practice of any person so engaged is unfair or deceptive, a proceeding may be brought if bringing it would be to the public interest. The statute authorizes the relator as insurance commissioner to conduct a hearing after notice thereof and after issuing and serving a statement of the charges. The commissioner is required to make a report after such hearing in which he shall state his findings and to serve a copy thereof upon the person served with the statement of charges. If this report charges a violation of §§ 72.20 to 72.33, and if the methods of competition, acts, or practices complained of have not been discontinued, the commissioner may proceed through the office of the attorney general, at any time after 20 days have elapsed following the service of the report, and cause a petition to be filed in the district court within the district wherein the person against whom the charges were made resides to enjoin and restrain that person from further engaging in such practices.

Section 72.28, subd. 2, provides that upon the filing of such petition and transcript the court shall have jurisdiction of the proceedings and shall have power to make and enter appropriate orders in connection therewith and to issue such writs as are ancillary to its jurisdiction or necessary in its judgment to prevent injury to the public pendente lite. It is thus made clear that when the relator has complied with the statute to the extent heretofore related, a duty which has been placed upon him in his capacity as insurance commissioner by legislative direction, the

district court then acquires jurisdiction and thereafter has the power to make and enter appropriate orders and to issue such writs as are necessary to its jurisdiction or necessary in its judgment to prevent injury to the public. It is for the district court then to pass upon whether the acts or practices complained of have been unfair and deceptive and whether the proceeding by the commissioner with respect thereto is in the public interest and to issue its orders accordingly. Section 72.28, subd. 3, provides that the findings of the commissioner shall be given the same effect as those of a referee appointed pursuant to § 546.36.

It is a long-settled rule in this state that no one is entitled to injunctive protection against the actual or threatened acts of an administrative agency until the prescribed statutory remedy has been exhausted unless the party seeking injunctive relief can show that the pursuit and exhaustion of such administrative remedy will cause imminent and irreparable harm as distinguished from merely speculative damages based on nothing more than an apprehension that the final outcome of the administrative proceedings will be prejudicial. Similar issues to those here involved were presented to the court in Thomas v. Ramberg, 240 Minn. 1, 60 N. W. (2d) 18, in which decision this court applied the aforesaid rule and denied the moving party his application to enjoin defendants as commissioners of the Industrial Commission from taking further action in the matter of fixing minimum rates of pay for women and minors in the retail merchandising business. This court said (240 Minn. 5, 60 N. W. [2d] 20):

"* * * In other words, *absent a showing that plaintiff is faced with the actual or imminent peril of sustaining irreparable harm—that is, real and serious injury—if the pending administrative proceedings are continued to their final completion,* the sole allegation that the administrative agency has or is about to exceed its jurisdiction is not of itself sufficient to invoke injunctive relief to enable a court to examine forthwith the basis of the agency's jurisdiction. The right to invoke equity's aid is dependent upon a positive showing that a failure to grant injunctive relief will result in irreparable harm." (Cases cited.)

This court also stated (240 Minn. 6, 60 N. W. [2d] 21):

"Minnesota cases uniformly hold that administrative action *which*

*has not reached a stage causing plaintiff irreparable injury* cannot be enjoined even though the anticipated decision of the administrative agency is questioned on constitutional grounds. Injunctive relief cannot be given for what is merely assumed to be a possible result." (Cases cited.)

The mere fact that a party might be saved the time and expense of defending himself at an administrative proceeding would not be sufficient to justify equitable relief by means of injunction at the point it was sought in the instant case. Costs expended in administrative hearings, even where the agency may be exceeding its jurisdiction, do not amount to irreparable injury justifying intervention by a court of equity. Thomas v. Ramberg, *supra;* Davis, Administrative Law, § 188.

We think it plain that the relator here is without an adequate remedy at law. As insurance commissioner he has been charged by statute with the obligation of proceeding in accordance with the provisions of § 72.28 and related statutes to protect the public from unfair competition in the insurance business and from what might be termed deceptive acts and practices in that business. Subd. 2 of that statute provides when the district court shall take over jurisdiction. It would not constitute an adequate remedy to say he has a remedy by appeal at that point in the proceedings. Such procedure would require undue and detrimental delay to be inflicted upon the public when the authority to proceed directly up to a certain point has been placed upon the commissioner as a duty and upon no one else. While it may be true that in a majority of situations an injured party has some mode of review or correction either by appeal, certiorari, or otherwise, nevertheless the existence of such a remedy is not always a ground for refusing the writ. State ex rel. Chesley v. Wilcox, 24 Minn. 143; State ex rel. Roberts v. Hense, *supra;* 15 Dunnell, Dig. (3 ed.) § 7842, and cases cited. Where a court threatens to proceed in a matter over which it has no jurisdiction at a time when it is the duty of the administrative tribunal to proceed and act, a writ of prohibition will not be denied merely because there may be a remedy by appeal from the judgment. See, State ex rel. Minneapolis Threshing-Machine Co. v. District Court, 77 Minn. 302, 79 N. W. 960; State ex rel. Roberts v. Hense, *supra;* State ex rel.

468

Minnesota Nat. Bank v. District Court, 195 Minn. 169, 262 N. W. 155; Bellows v. Ericson, *supra*.

It is apparent from the files in the within proceedings that the commissioner of insurance had reached the conclusion that respondent Standard American Life Insurance Company, engaged in the business of insurance in this state, was proceeding by a method of competition and acts and practices in the conduct of its business in violation of § 72.28 and its related provisions and that it had become his duty to notify said respondent to respond to the commissioner's notice and statement of charges. The temporary restraining order issued by the court below prevented relator from carrying out his administrative duties. The statute having made it plain that the exercise of such power by the court at the time was unauthorized, it becomes manifest that the remedy of appeal was and is plainly inadequate and the writ should not be denied.

It is obvious that as a matter of law the respondent insurance company will have ample opportunity to be heard and to seek to persuade the district court that the findings of the commissioner, whatever they may be, are not substantiated by the evidence and that he has exceeded the legal authority vested in him. It can hardly be said that under such circumstances this respondent will be faced with actual or imminent peril of sustaining irreparable harm, that is, real and serious injury, if the pending administrative proceedings are continued to their final completion, even though it may be required to incur expenses in attending the hearing and presenting evidence. As was held in Thomas v. Ramberg, *supra,* the fact that said respondent may be required to do so is not in itself irreparable injury which gives a court jurisdiction to issue an injunction restraining the relator from proceeding.

For the reasons stated, the writ of prohibition issued herein is made absolute.

Relator is allowed his statutory costs.