# LAURENCE MARINE v. ERNEST WHIPPLE AND OTHERS.

104 N. W. (2d) 657.

August 12, 1960—No. 37,999.

*Edward L. Rogers,* County Attorney, and *Peterson, Popovich & Marsden,* Special County Attorneys, for relators.

*Gordon Rosenmeier* and *John E. Simonett,* for respondent.

DELL, CHIEF JUSTICE.

A writ of prohibition was issued out of this court commanding the District Court of Cass County and the Honorable James F. Murphy, judge thereof, to refrain from enforcing and hearing its order to show cause dated December 1, 1959. That order required the relators to show cause before the district court on December 14, 1959, why an order should not be made directing the relators to hold a hearing on a petition for the creation of an independent school district.

The petition for the creation of an independent district was filed on August 18, 1959, pursuant to Minn. St. 122.11. Subd. 4 of that section states in part:

"The petition shall be filed with the county auditor who shall present it to the county board at its next meeting. At the meeting, the county board shall fix a time and place for hearing the petition, which time shall be not more than 60 days and not less than ten days from the date of the meeting. The auditor shall cause one week's published notice of the hearing to be given in the county, and ten days' posted notice in the territory described in the petition."

Subd. 5 of that section reads as follows:

"Within six months of the date of the filing of the petition, the county board shall issue its order either granting or denying the petition. If the petition is granted, the order shall particularly describe the district. The county board may modify the boundaries proposed in the petition by enlarging or decreasing the area. If the petition is granted, the auditor shall transmit a certified copy of the order to the commissioner who shall assign an identification number to the district and notify the auditor thereof within ten days after his receipt of the certified copy of the order."

It appears from the affidavits and exhibits on file herein that at the meeting of the County Board of Commissioners of Cass County on

September 1, 1959, any action for setting a hearing date on the petition was postponed until the next meeting. The minutes of the following meeting on October 6, 1959, indicate that the board voted three to two against a motion to set a date for hearing on the petition creating an independent school district. The three members of the board stated that the basis of their decision was an opinion from the attorney general's office that no action could be taken by the board if any part of the district is included in an area proposed for consolidation and "furthermore such area proposed for consolidation is in District Court and a feeling that the county board has no jurisdiction to act while such proposed area for consolidation is a part of the area proposed for the formation of a new and Independent School District."

The consolidation proceeding referred to included the same property and was before this court on appeal from an order served August 5, 1959, enjoining the county superintendent of schools from executing an order effectuating the consolidation. We reversed the order in Williams v. Rolfe, 257 Minn. 237, 101 N. W. (2d) 923, and denied the petition for reargument on March 18, 1960.

■ Three elements are essential to the issuance of a writ of prohibition:

"* * * (1) That the court, officer, or person is about to exercise judicial or quasi-judicial power; (2) that the exercise of such power is unauthorized by law; and (3) that it will result in injury for which there is no other adequate remedy."[1]

We agree with the respondent that neither of the last two elements are present here.

The proceedings sought to be prohibited are essentially what would have been in the nature of an alternative writ of mandamus prior to Rule 81.01(2) of Rules of Civil Procedure. Although the rule abolishes the writ, it specifically provides that "The relief heretofore available thereby may be obtained by appropriate action or appropriate motion under the practice prescribed in these rules." It follows that the pro-

---

[1] State ex rel. United Elec. R. & M. Workers v. Enersen, 230 Minn. 427, 438, 42 N. W. (2d) 25, 31; see, also, State ex rel. Hahn v. Young, 29 Minn. 474, 523, 9 N. W. 737, 738.

priety of the order to show cause issued by the district court should be governed by the established rules relative to the availability of writs of mandamus.

The writ of mandamus was properly issued to a board to compel the performance of a public duty which the law clearly imposed, but not to interfere with the exercise of discretion by public officers.[2] If the action here involved is an attempt, as relators contend, to control the discretion of the county board, then it would appear that the court is threatening to act in excess of its jurisdiction.

While the language of § 122.11, subds. 4 and 5, is mandatory on its face, the provisions may, nevertheless, be deemed directory if they are designed merely to secure order, uniformity, and dispatch in public business.[3] Consequently, it may be that the *time limits* within which the hearing must be set and the order issued are only directory. However, the requirement that the board fix a time and place for hearing the petition is not only mandatory on its face but goes to the very essence of the thing to be done and if not intended to be obeyed would serve no useful purpose.[4] Since the action of the district court will, at the most, require only that the board set a date for the hearing, which may be during any period of time shown to be the most feasible, no interference with the discretion of the county board is contemplated.

■ Relators argue that action relating to the petition cannot be taken during the pendency of consolidation proceedings because of the provisions of Minn. St. 122.23, subd. 5:

"Upon receipt of a plat and the supporting statement, each auditor shall immediately notify his respective county board. After such notification, and during the pendency of proceedings under the plat and supporting statement or for a period of six months, whichever is shorter, no action may be taken by the county board under any other law to modify the boundary of any district if any part of the district is included in an area proposed for consolidation."

---

[2]Minn. St. 586.01; Minneapolis-Honeywell Regulator Co. v. Nadasdy, 247 Minn. 159, 76 N. W. (2d) 670.

[3]Bielke v. American Crystal Sugar Co. 206 Minn. 308, 288 N. W. 584.

[4]See, State ex rel. Laurisch v. Pohl, 214 Minn. 221, 8 N. W. (2d) 227; 3 Sutherland, Statutory Construction (3 ed.) § 5808.

It is questionable whether an application for an independent district constitutes an action "to modify the boundary of any district" within the meaning of the above-quoted action. Assuming that the statute does apply, it would appear that the 6-month time limitation has expired. In any event, these issues are those of substantive law properly before the district court. While acts which exceed the power of the court may be restrained upon proper showing by prohibition,[5] jurisdiction of the lower court is not defeated nor limited merely because it may make an erroneous decision.[6]

■ Moreover, to grant prohibition under the circumstances before us would, in our opinion, only circumvent the statutory scheme of appellate review. Presumably the normal remedy of appeal is adequate, particularly where, as here, direct appeal from the order sought is available.[7] Relators have not sustained their burden of showing the inadequacy of this remedy. However compelling the reasons may be for deferring action on the petition involved, they do not go to the jurisdiction of the district court nor the propriety of issuing a writ of prohibition. These matters affect the merits and should properly be taken into consideration by the district court if presented to it. It is not the function of this court to anticipate or prohibit an erroneous ruling.

Writ discharged.

FRANK T. GALLAGHER, JUSTICE (dissenting).

It appears to me that the sole issue before this court, in determining the jurisdiction of the district court to issue an order to show cause as

---

[5]State ex rel. Sheehan v. District Court, 253 Minn. 462, 93 N. W. (2d) 1, certiorari denied, 359 U. S. 909, 79 S. Ct. 585, 3 L. ed. (2d) 573; State ex rel. Stenstrom v. Wilson, 234 Minn. 570, 48 N. W. (2d) 513.

[6]State ex rel. Flodin v. District Court, 222 Minn. 546, 25 N. W. (2d) 692; Heinsch v. Kirby, 222 Minn. 352, 24 N. W. (2d) 493; State ex rel. Laurisch v. Johnson, 216 Minn. 219, 12 N. W. (2d) 343; see, Bellows v. Ericson, 233 Minn. 320, 325, 46 N. W. (2d) 654, 658.

[7]State ex rel. Beede v. Funck, 211 Minn. 27, 299 N. W. 684. As to the various factors to be considered in determining whether there is no other adequate legal remedy, see Riesenfeld, Bauman, and Maxwell, *Judicial Control of Administrative Action by Means of the Extraordinary Remedies in Minnesota,* 36 Minn. L. Rev. 435, 446, et seq. An order granting a mandatory injunction is appealable under Minn. St. 605.09(2).

to why an order should not be issued compelling the Board of County Commissioners to set a date for hearing, is whether the law clearly imposes upon the Board of County Commissioners a public duty to set a date for a hearing.

Plaintiff-respondent takes the position that Ex. Sess. L. 1959, c. 71, art. 3, § 3, subd. 4, is mandatory in that the county board must set a time for hearing not more than 60 days from the date of the meeting, and that, under subd. 5, it must issue an order granting or denying the petition within 6 months after the date it was filed, or August 18, 1959.

The defendants-relators contend that the foregoing is not mandatory but merely directory and within the discretion of the county board. They refer us to Ex. Sess. L. 1959, c. 71, art. 3, § 7, subd. 5, previously codified as Minn. St. 122.018, subd. 5, which states:

"Upon receipt of a plat and the supporting statement, each auditor shall immediately notify his respective county board. After such notification, and during the pendency of proceedings under the plat and supporting statement or for a period of six months, whichever is shorter, no action may be taken by the county board under any other law to modify the boundary of any district if any part of the district is included in an area proposed for consolidation."

It is my opinion that where proceedings are commenced for the consolidation of part of a school district under Minn. St. 122.23 no other proceedings involving the same or part of the same territory should be considered until there has been a disposition of the first proceeding.

KNUTSON, JUSTICE (dissenting).

I concur in the dissent of Mr. Justice Frank T. Gallagher.