IN RE PETITION OF MARY ANN PARKS TO ADOPT
DENNIS LEE PARKS.

114 N. W. (2d) 667.

April 6, 1962—No. 38,640.

*Grannis & Grannis,* for relator.

*E. Lee Armstrong* and *Harry H. Peterson,* for respondent.

NELSON, JUSTICE.

This matter comes before us upon a writ of prohibition issued out of this court December 13, 1961.

The adoption proceeding involved was instituted by the stepmother of Dennis Lee Parks in Juvenile Court of Washington County to adopt said minor child, who is the legitimate son of John R. Parks and Jacque Lee Torgerson, formerly Jacque Lee Parks. The parents were married on March 10, 1951, in Sioux City, Iowa, and divorced in the District Court of Woodbury County, Iowa, on June 18, 1954. Pursuant to stipulation of the parties, the Iowa court granted the general custody of the child to the father and gave visitation rights to the mother as follows:

"That the care, custody and control of the minor child of the parties, Dennis Lee Parks, born January 21, 1953, be granted to Plaintiff subject to the right of Defendant to call for and take said child with her away from the premises of Plaintiff or any home where he may be placed by Plaintiff, during the normal waking hours of two Saturdays each month commencing with the month of June 1954 and continuing during minority. The specific Saturdays to be agreed upon which will be most convenient for both parties having consideration for the then health of said child. That if Defendant shall fail to exercise the privilege thus given in any calendar month, the day or days thus lost shall not be cumulated but if for any other reason Defendant shall be prevented or denied such rights during any calendar month such lost day or days shall be accumulated. That after said child has attained school age, Defendant shall have him in her custody for one month a year during summer vacations."

John R. Parks married Mary Ann Parks in 1955 in the State of South Dakota, and both are now residents of Washington County, Minnesota. Mary Ann Parks petitioned to adopt Dennis Lee Parks on June 28, 1961, and John R. Parks, the father, joined in and consented to said petition. On November 15, 1961, the mother, Jacque Lee Torgerson, relator here, was served with notice of hearing on the petition. She appeared specially and moved to dismiss the petition on several grounds, among them that her consent to the adoption, which she had not given, was required by law. The motion was denied by the judge of Juvenile Court of Washington County, who did, however, continue the hearing to January 17, 1962, at relator's request to give her additional time to prepare for contesting the adoption.

The question with which this court is concerned is whether the juvenile court has jurisdiction to proceed with the hearing on the petition for adoption.

The legislature of this state by L. 1959, c. 685, § 45, amended Minn. St. 1957, § 259.23, subd. 1, effective July 1, 1959. That section now provides:

"Except as provided in section 13, subdivision 2 [not applicable here], the juvenile court shall have original jurisdiction in all adoption proceedings. The proper venue for an adoption proceeding shall be the county of the petitioner's residence."

The other provision important to these proceedings is Minn. St. 259.24, subd. 1, which, as amended by L. 1959, c. 685, § 46, provides:

"Subdivision 1. No child shall be adopted without the consent of his parents and his guardian, if there be one, except in the following instances:

"(a) Consent shall not be required of the father of an illegitimate child.

"(b) Consent shall not be required of a parent who has abandoned the child, or of a parent who has lost custody of the child through a divorce decree, and upon whom notice has been served as required by section 259.26.

"(c) Consent shall not be required of a parent whose parental rights

to the child have been terminated by a juvenile court or who has lost custody of a child through a final commitment of the juvenile court or through a decree in a prior adoption proceeding.

"(d)  Consent shall not be required of a parent who has been adjudge insane or incompetent by a court of competent jurisdiction.

"(e)  If there be no parent or guardian qualified to consent to the adoption, the consent may be given by the commissioner [of public welfare].

"(f)  The director or agency having authority to place a child for adoption pursuant to section 259.25, subdivision 1, shall have the exclusive right to consent to the adoption of such child."

Since we reach the conclusion that the juvenile court has jurisdiction of this proceeding, we refrain at this time from expressing any opinion as to its merits. It seems clear to us that the court, which has been given original jurisdiction in all adoption proceedings, must first determine the meaning of the provisions of the divorce decree when considered with Minn. St. 259.24, subd. 1.

■  One of the three essentials for the issuance of a writ of prohibition is that "the exercise of such [judicial or quasi-judicial] power by such court, officer, or person must be unauthorized by law."[2] According to a principle established by numerous decisions of the supreme court of this state, lack of authorization must be found in the conduct of proceedings by which the tribunal either wholly *usurps* jurisdiction or *exceeds* its ligitimate jurisdiction.[3]

---

[1]Prior to passage of L. 1959, c. 685, Report of Interim Commission on Public Welfare Laws, 1959, p. 77, commented: "This amendment to the adoption law is necessary to make clear the distinction between loss of custody of a child through a 'final commitment' order under the present law and a 'transfer of legal custody' under the proposed law. The former is equivalent to 'termination of parental rights' in the proposed law. Both 'final commitment' and 'termination of parental rights' have the effect of placing the child in an adoptive status, while a 'transfer of legal custody' does not."

[2]Bellows v. Ericson, 233 Minn. 320, 324, 46 N. W. (2d) 654, 658.

[3]Bellows v. Ericson, 233 Minn. 320, 46 N. W. (2d) 654; Riesenfeld,

In applying this principle it is to be borne in mind that matters which pertain to the propriety of the tribunal's action otherwise than in the jurisdictional sense are not subject to review on prohibition. In other words, the writ may not be issued for nonjurisdictional defects such as (1) procedural defects and irregularities, (2) errors on the merits such as lack of evidence, or (3) the application of an erroneous principle of law.

We have held recently that to obtain a writ of prohibition relator must show: (1) That the court, officer, or person is about to exercise judicial or quasi-judicial power; (2) that the exercise of such power is unauthorized by law; and (3) that it will result in injury for which there is no other adequate remedy. State v. Hartman, 261 Minn. 314, 112 N. W. (2d) 340; Marine v. Whipple, 259 Minn. 18, 104 N. W. (2d) 657.

■ Relator contends that the juvenile court does not have jurisdiction to proceed with the adoption proceedings without her consent. Her further contention is that we would be violating the full faith and credit clause of U. S. Const. art. IV, § 1, if we were to find Dennis Lee Parks is eligible for adoption. However, a writ of prohibition does not lie for the purpose of obtaining from an appellate court a determination on the merits. Relator is in effect asking this court to determine this controversy at this stage of the proceedings on its merits by deciding whether she also has "custody" within the contemplation of Minn. St. 259.24, subd. 1. We have held time and time again that this court will not issue an absolute writ of prohibition if another remedy is reasonably available. We said in Heinsch v. Kirby, 222 Minn. 352, 355, 24 N. W. (2d) 493, 494, that:

"* * * Determination of the merits of a case by writ of prohibi-

Bauman, and Maxwell, *Judicial Control of Administrative Action by Means of the Extraordinary Remedies in Minnesota*, 36 Minn. L. Rev. 435, 443.

[4]State v. Laughlin, 204 Minn. 291, 283 N. W. 395; State ex rel. Jarvis v. Craig, 100 Minn. 352, 111 N. W. 3.

[5]State ex rel. Jarvis v. Craig, *supra*; State ex rel. Flodin v. District Court, 222 Minn. 546, 25 N. W. (2d) 692.

[6]Heinsch v. Kirby, 222 Minn. 352, 24 N. W. (2d) 493.

tion is not the proper office of such writ. The office of the writ is not to correct errors or reverse illegal proceedings, but to prevent or restrain usurpation by inferior tribunals and to compel them to observe the limitation of their jurisdiction."

There are in a sense two equitable actions pending at the present, one filed in Woodbury County, Iowa, to modify the original divorce decree to give relator sole custody over the child, and the petition for adoption, of which notice has been served upon the relator as required by § 259.26.

From the files of the adoption proceedings it would appear that all procedural requirements necessary to give the juvenile court jurisdiction have been complied with as follows: (1) The petition for the adoption has been filed; (2) the petition was set for hearing before the court on December 1, 1961; and (3) notice of the hearing of said petition was given on November 15, 1961, to Jacque Lee Torgerson.

We are not unmindful of the decision of this court cited by the relator as controlling. In In re Adoption of Zavasky, 241 Minn. 447, 63 N. W. (2d) 573,[7] we said that a child cannot be adopted without the consent of his parents and his guardian, if there be one, except as provided in Minn. St. 1953, § 259.24, subd. 1. (These are in substance the exceptions enumerated in L. 1959, c. 685, § 46, quoted above.) In the Zavasky case, where an exclusive custodial guardianship existed, there were no questions relating to these exceptions. Beyond deciding that Minn. St. 259.24, subd. 1, required the consent of a custodial guardian to a proposed adoption, interpretation of that section was unnecessary.

In In re Petition of Jordet, 248 Minn. 433, 80 N. W. (2d) 642, we held that the right of visitation granted under a divorce decree is not enough in itself to require the denial of a petition for adoption. In these cases this court did not discuss the meaning of "custody" in varying circumstances. Its meaning appears to be the controlling issue in the instant case. The interpretation of the word "custody" suffers to some extent from a dearth of judicial opinions. Its meaning depends of course on the context in which it is used, the facts surrounding the

[7]This case is entitled Petition of Sherman in 63 N. W. (2d) 573.

decree, and the particular jurisdiction in which the controversy arose.

For an opinion discussing the word "custody," see McFadden v. McFadden, 206 Ore. 253, 261, 292 P. (2d) 795, 799, where the court said:

"* * * 'Custody', in the sense we use it connotes, among other things, the right of the legal custodian to establish the legal domicile for the child, whereas such right does not abide with the parent who enjoys only the occasional right of visitation, i. e., the right to visit the child wherever it is, at certain time, or to have the child visit the parent for stipulated periods. [Citing Allen v. Allen, 200 Ore. 678, 684, 268 P. (2d) 358, 361.]"

See, also, the definition of "custody" in Selby v. Selby, 69 Ohio L. Abs. 257, 124 N. E. (2d) 772. It must at all times be borne in mind that the setting in which the word is used is the controlling factor in determining its meaning. For other cases which have considered the meaning of "custody" in varying situations, see Burge v. City and County of San Francisco, 41 Cal. (2d) 608, 262 P. (2d) 6; Hardesty v. Hardesty, 150 Kan. 271, 92 P. (2d) 49; Adoption of Morrison, 267 Wis. 625, 66 N. W. (2d) 732. On factors considered in determining meaning of a word, see In re Trust under Will of Cosgrave, 225 Minn. 443, 454, 31 N. W. (2d) 20, 28, 1 A. L. R. (2d) 175, 184.

We said in In re Petition of Jordet, 248 Minn. 433, 439, 80 N. W. (2d) 642, 646:

"The 'care and custody' was expressly awarded to the natural mother by the divorce decree. It might be well to point out that it has been made clear by our present adoption statutes enacted by L. 1951, c. 508, and codified as M. S. A. 259.21 to 259.32, that a divorced parent not having custody of the child is subject to the provisions of § 259.24, subd. 1(b). He is insured the right and the opportunity to be heard in the proceeding when the propriety or the wisdom of the proposed adoption is adjudicated. He is, however, given no right of veto."

It is only fair to presume that the Juvenile Court of Washington County will be guided by the pertinent statutes and will accord to relator every right to which she is entitled.

In view of the foregoing, we are bound to conclude that relator has not established the essentials necessary to entitle her to have the writ of prohibition made absolute.

Writ discharged.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the submission, took no part in the consideration or decision of this case.