## STATE EX REL. ROBERT GRAHAM v. DISTRICT COURT OF RAMSEY COUNTY AND OTHERS.

150 N. W. (2d) 24.

April 7, 1967—No. 40,755.

*John F. Casey, Jr.,* and *O'Connor, Green, Thomas, Walters & Kelly,* for relator.

*Douglas M. Head,* Attorney General, and *Robert L. Hoffman,* Assistant Attorney General, for respondent board.

*Robert F. Collins* and *Thuet & Todd,* for respondent Beyen.

PER CURIAM.

Writ of prohibition.

On February 8, 1967, the District Court of Ramsey County (acting in response to an order to show cause, notice of motion, and motion) ordered

the State Board of Barber Examiners to hold a hearing on an application by Walter Beyen for a permit to operate a barber college in the city of Minneapolis and to do so prior to a scheduled hearing on a similar application by Robert Graham.

The issue for decision by us is whether this order of the district court should be voided as being in excess of its power. Ginsberg v. Williams, 270 Minn. 474, 135 N. W. (2d) 213; Brooks Realty, Inc. v. Aetna Ins. Co. 268 Minn. 122, 128 N. W. (2d) 151.

No summons and complaint were ever served on the State Board of Barber Examiners or Robert Graham. Rule 3.01, Rules of Civil Procedure, provides in part: "A civil action is commenced against each defendant when the summons is served upon him or is delivered to the proper officer for such service." Rule 3.02 provides: "A copy of the complaint shall be served with the summons, except when the service is by publication as provided in Rule 4.04."

By the terms of Rule 81.01(2) the writ of mandamus (previously governed by Minn. St. 586.01 to 586.12) [1] is abolished. But "[t]he relief heretofore available thereby may be obtained by appropriate action or *appropriate motion* under the practice prescribed in these rules." (Italics supplied.) See, Marine v. Whipple, 259 Minn. 18, 104 N. W. (2d) 657.

We note that the proposed amendments to the Minnesota Rules of Civil Procedure soon to be publicized recommend reinstatement of the writ of mandamus in view of the present uncertainty existing in the minds of the bench and bar regarding proper procedures in cases such as this one. For this reason, and because there may have been waiver by the respondents of any possible objection to the procedures used in this attempt to invoke the jurisdiction of the district court (Rules of Civil Procedure, Rule 12.08; see, 21 C. J. S., Courts, § 85, p. 132), we consider the question of whether jurisdiction was properly exercised in any event.

Acting pursuant to Minn. St. 154.24, the Board of Barber Examiners has established rules governing applications for and hearings on permits for barber schools. Rules BE-27 and BE-32 specify what is to appear in such an application. Rule BE-31 provides in part:

"The Board shall cause within 45 days of receipt of an application for the establishment of a barber school notice of a public hearing to be published as deemed appropriate by the Board."

---

[1] Minn. St. 586.02 provides: "The writ shall issue on the information of the party beneficially interested, but it shall not issue in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law." Minn. St. 586.05 provides: "Writs of mandamus shall be issued upon the

The Walter Beyen application was received by the board on June 2, 1966. It notified Mr. Beyen on August 16 of that year that it could not act upon his application until he completed it as required by the board's rules. Beyen responded, inquiring in what particulars the application was incomplete. He then received a communication from the board stating in part:

"The board in reviewing your application found that there were some omissions, which you can check on the enclosed copy of our Rules and Regulations.

"An application must be complete before we can evaluate it in detail."

No further action was taken by Mr. Beyen until the board, in response to the application for a license to conduct a barber school filed December 5, 1966, by Robert Graham, set January 16, 1967, as the date for hearing on the Graham application. The proceedings in the district court culminating in the order now in controversy were then commenced.

The district court, in ordering in effect that the Beyen application should have priority over the Graham application, reasoned that hearings on applications submitted to this administrative agency should be held in the order that the applications were filed with the board and in accordance with its Rule BE-31; and that the insistence on the part of the board that Beyen conform his application to the minimal requirements of the rules was arbitrary and unreasonable under the circumstances of this case.

In our judgment it was not arbitrary for the board to refuse to grant a hearing upon the Beyen application until such time as it was completed as required by the board's rules. The application was incomplete under Rule BE-27 in a number of respects. Required plans showing provision for appropriate lighting and ventilating systems and certain sanitation facilities were not included with the application. There was no compliance with the board rule requiring a full outline showing the courses of instruction to be offered. The required brochure listing the fees to be charged together with enrollment and termination procedures for students was absent.

Under these circumstances, the district court exceeded its authority in directing the board as to the order in which it should hear the applications. See, Federal Communications Comm. v. WJR, The Goodwill Station, Inc. 337 U. S. 265, 69 S. Ct. 1097, 93 L. ed. 1353; Federal Communications

order of the court or judge, which shall designate the return day, and direct the manner of service thereof, and service of the same shall be by copies of the writ, order allowing the same, and petition upon which the writ is granted."

Minn. St. 586.08 provides in part: "No pleading or written allegation, other than the writ, answer, and demurrer, shall be allowed."

558

Comm. v. Pottsville Broadcasting Co. 309 U. S. 134, 60 S. Ct. 437, 84 L. ed. 656. The power of the district court to interfere with the exercise of discretion by public officers is limited. See, State ex rel. Sheehan v. District Court, 253 Minn. 462, 93 N. W. (2d) 1; Marine v. Whipple, 259 Minn. 18, 104 N. W. (2d) 657.

Writ of prohibition made absolute.