**Wanda CAMPBELL, Appellant,**

v.

**Gordon Gregory CAMPBELL, Appellee.**

No. 7938.

Court of Civil Appeals of Texas.

Amarillo.

April 21, 1969.

Rehearing Denied May 19, 1969.

---

E. Byron Singleton, Amarillo, for appellant.

Gallaway, Dunning & Compton, Borger, Gene Compton, Borger, of counsel, for appellee.

NORTHCUTT, Justice.

On May 22, 1963, Wanda Campbell, hereinafter referred to as appellant, secured a divorce from Gordon Gregory Campbell, hereinafter referred to as appellee. The divorce was granted by the Court of Domestic Relations in and for Hutchinson County, Texas, in Cause No. 2533. Before said divorce judgment was had, Wanda Campbell and Gordon Gregory Campbell made and entered into an agreement settling all their property rights and also as to the custody and visitation concerning their son, Steven Wesley Campbell. That agreement as to the custody and also visitation rights of the father was as follows:

"The Plaintiff and Defendant hereby agree and recommend to the Court that the paramount interest and welfare of Steven Wesley Campbell, the minor child born as issue of this marriage would best be served if the exclusive custody of such child is given to the Plaintiff, subject only to the reasonable rights of visitation to the Defendant as set forth in Paragraph VII below.

"The Plaintiff and Defendant do hereby mutually agree, subject to further orders and modifications of this Court or any other court with competent jurisdiction, that the Defendant shall have two periods of visitation on separate calendar days during each month hereafter, and such visitation periods shall be of reasonable duration at the home of the Plaintiff. The Defendant shall give to the Plaintiff reasonable notice prior to his exercising his visitation privilege. The Defendant shall have the right to be accompanied by his parents and/or his sister."

All of the provisions, terms and covenants contained in that agreement were approved and incorporated in the divorce judgment.

On October 10, 1968, the appellee filed this suit in the original divorce suit Cause No. 2533 seeking a change of that judgment because of changed conditions. Appellant filed a plea of privilege seeking to have the case transferred to Potter County, Texas, where she and the child resided. Appellee filed a controverting plea contending the suit was to alter visitation privileges of the divorce decree entered in that same court on May 22, 1963, in Cause No. 2533. The trial court overruled appellant's plea of privilege and from that order appellant perfected this appeal.

The change of conditions as pleaded by appellee are that at the time of the divorce the child was an infant and is now six years of age. It is appellee's contention the only matter here involved is visitation rights. Appellee pleaded in part as follows:

> "By reason of the foregoing, Plaintiff would show the Court that conditions have materially changed since the entry of judgment and decree of divorce, and that he should now be allowed extended visitation with the said minor child on alternate weekends, during the Christmas holidays, when the child is not attending school, and during the summer months, when the child is not attending school."

Appellee also prayed that all of said visitations should be out of the presence of and off the premises of the appellant.

We cannot agree with the contention of appellee that only visitation rights are here involved. Under appellee's pleadings he is asking for extended visitation every other week; Christmas holidays and summer months. Extended visitation could be the entire Christmas holidays and also all summer. This is not a case to enforce the original judgment but is one sought to change that judgment from visitation in the home of appellant to extended possession of the boy at any place appellee might desire. It is stated in Leonard v. Leonard, Tex.Civ.App., 358 S.W.2d 721 (n. w. h.) as follows:

> "Appellee takes the position that this suit is one to enforce the original divorce judgment, and that the District Court of Bailey County is the only Court that can enforce its judgment. To support this contention appellee principally relies on Ex Parte Gonzalez, 111 Tex. 399, 238 S.W. 635 and Carlson v. Johnson (Tex.Civ.App.) 327 S.W.2d 704 (no writ history). These cases do hold that the Court granting the divorce is the only Court which can properly hear the contempt motion. However, it is equally well settled that venue in actions for change of custody of minors lies in the county of the residence of the person having legal custody. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Ellington v. Floyd (Tex.Civ.App.) 255 S.W.2d 948 (no writ history); Taylor v. Taylor (Tex.Civ.App.) 348 S.W.2d 226 (no writ history). It is therefore apparent this case must turn on the question of what is the true nature of the case as viewed from appellee's motion and the judgment entered thereon. If the case is one to enforce the original divorce judgment by contempt, venue is properly in Bailey County. On the other hand, if the case is one to attempt to relitigate and readjudicate some feature of the custody of the child, it comes under the holding of Lakey v. McCarroll, supra, and venue would lie in Lubbock County."

It was held by the Supreme Court in Leithold v. Plass, 413 S.W.2d 698 as follows:

> "Custody of a child connotes the right to establish the child's domicile and includes the elements of immediate and direct care and control of the child, together with provision for its needs. See Glasgow v. Hurley, 333 S.W.2d 658 (Tex.Civ.App.—Dallas 1960, no writ); Quick v. Lindsay, 208 S.W.2d 910 (Tex.Civ.App.—Galveston 1948, no writ); McFadden v. McFadden, 206 Or. 253, 292 P.2d 795 (1956); Selby v. Selby, Ohio App., 69 Ohio Law Abst. 257, 124 N.E.2d 772 (1952); Burge v. City and County of San Francisco, 41 Cal.2d 608, 262 P.2d 6 (1953); and In re Parks' Petition, 262 Minn. 319, 114 N.W.2d 667 (1962). These rights inherent in a custody status are not held by one enjoying visitation rights as provided in the custody decree."

█ A suit to change custody of a minor child from the custody granted in the divorce decree is a new and independent action and is governed by the general law of venue. Spell v. Green et al., 144 Tex. 535, 192 S.W.2d 260; Leaverton v.

Leaverton, Tex.Civ.App., 417 S.W.2d 82 (n. r. e.) We are of the opinion that this case involves an attempted modification of custody. There is no question but that appellee sought to remove the child from the presence and premises of the appellant contrary to the judgment of the court in the divorce proceedings and to give him extended possession of the child. The judgment of the trial court is reversed and judgment here rendered transferring the case to the Court of Domestic Relations in and for Potter County, Texas. Judgment of the trial court is reversed and rendered.